The opinion of the court was delivered by
Gibson, C. J.
It is singular to find ourselves formally settling, at so late a day, a point of practice under the act of 1806, which has been a subject of daily occurrence and repeated decision. The adjudications on it, I had thought, were to be found in the reports; and I have consequently been surprised to find nothing there but the decisions in Downing v. Baldwin, and Brown v. Caldwell, (10 Serg. & Rawle, 114.) The first of these cases was determined shortly before I came to the bench; since which time the practice has been variously modified. Downing v. Baldwin settled no more than that the law of the case may be reviewed, upon the opinion of the judge who tried the cause, as a substitute for a bill of exceptions; but certain expressions of the Chief Justice might be thought to require no more than the presence of the paper on the file, without regard to the circumstances under which it came there. “ The act of Assembly,” he said, “ directs the opinion of the judge to be filed of record; it becomes then a part of the record, and being so, the superior court must of necessity take notice of it. It is surely as much a part of the record as a bill of exceptions; and I think rather more so, because a bill of exceptions is no part of the body of the record, but annexed to it; and may be withdrawn by the party who tendered it. But an opinion filed by positive command of law, is of the body of the record, and must so remain.” The consequence thus indicated is inevitable, where the opinion has been legally filed; but that was not the difficulty. It appears from what was said by Mr. Justice Yeates, that the paper had been filed indisputably at the instance of counsel; and the point was not in contest. But the *51 chief justice seemed to think that an opinion filed was a substitute, if not an equivalent for, a bill of exceptions under the statute of Westm. 2; which requires the exception to be specifically propounded, before it is sealed. This, however, was denied by Mr. Justice Duncan, in delivering the opinion of the court in Brown v. Caldwell, in which it was certainly determined that the filing by request need not appear of record. The remarks made there, would, however, seem to call rather for a restricted than an enlarged construction. The vexation and inconvenience of the proceeding in practice, so faithfully depicted, subsequently forced the court in various instances, to exact a rigid compliance with the requirements of the act, and to settle the practice differently from the rule laid down in Brown v. Caldwell. What, then, áre those requirements'! “ In all cases where the judge or judges, &c. shall deliver the opinion of the court, if either party by himself or counsel require it, it shall be the duty of'the said judges respectively, to reduce the opinion so given, with the reasons therefor, to writing, and file the same of record in the cause.” Now, as the act authorizes nothing which it does not enjoin; where there has been no request, it gives no authority to put the matter on the record at all. It never was intended to permit the judge to set before the parties gratuitous incitements to appellate litigation, by exposing on the record, errors which had escaped their notice at the time. Even restrained to its legitimate uses, the proceeding has been found sufficiently prolific of vexatious and unprofitable contest. By the express terms of the act, the judge has authority to file his opinion of record, but at the request of a party desiring to have advantage from it; and when he does it of his own head, he makes nothing matter of record, which was not so before, How, then, is it to appear that he acted at the instance of the party ? Undoubtedly, as we have often decided in conformity to the words of the act — particularly in an exceedingly hard case during the last term at Harrisburgh — by his certificate filed with his opinion, or at least a memorandum at the foot of it; for as a court of error can inspect nothing but the record, it cannot receive information of the fact elsewhere. It is the business of counsel, therefore, to see that the proper evidence be sent up; for where the fault cannot be repaired by a supplementary certificate, he will else lose the benefit of his exception. For want of this, in the present instance, we are precluded from considering the assignment of error.
Judgment affirmed.