# Bartolett *versus* Dixon.

1. In an action for backing water, all matters in variance were submitted to three referees, "who shall go upon the ground, hear the parties, their proofs," &c., and determine whether the water had been maintained too high. "They shall fix one or more permanent marks": the award of any two of them to be final. The referees reported; that they all met, examined the premises, heard the evidence, &c., and adjourned; that two again met and adjourned: that two again met, the third being sick, and adjourned: that two again met and awarded that the defendant had the right to raise the water to the point named. *Held*, that the award could not be sustained, it appearing on its face that but two heard and deliberated.

2. Exceptions to the award were filed in the court below, they were after argument, overruled and the award was confirmed: the court filed an opinion setting out the facts. *Held*, that the opinion and facts in it were not part of the record and could not be considered in the Supreme Court.

3. It is not necessary where a majority have power to make an award, that it should appear on the face of the award that all the referees heard and deliberated; the presumption is where not made by all, that the minority refused to join.

January 24th 1873. Before READ, C. J., AGNEW, WILLIAMS and MERCUR, JJ. SHARSWOOD, J., at Nisi Prius.

23 P. F. SMITH—9

[Bartolett *v.* Dixon.]

Error to the Court of Common Pleas of *Chester county :* No. 42, to January Term 1873.

This was an action on the case brought to October Term 1871, by John Bartolett against John W. Dixon. The declaration was that the defendant had raised and maintained a dam on his land too high, by reason of which the water flowed back upon the plaintiff's land.

The following agreement was filed in the case :—

" It is agreed that all matters in variance between the parties in this cause be referred to Elijah F. Pennypacker, Enoch Harlan and George Walter, who shall go upon the ground, examine the same, hear the parties, their proofs and allegations, and determine whether the water of the stream passing through the land of the plaintiff into the land of the defendant, has been raised or maintained by the latter higher than it ought to be; and if so, they shall determine and award what damages shall be paid to the plaintiff therefor, up to the date of their award. They shall fix, by one or more permanent marks to be made by them and particularly described in their award, the height to which the defendant is entitled to flow the water of said stream back upon the land of the plaintiff.

" They shall meet at the dwelling-house of the defendant, on Saturday, October 28th 1871, at nine o'clock, A. M., and the award of any two of them agreeing shall be final, without appeal."

The referees made this award :—

" And now on the 28th day of October, A. D. 1871, The arbitrators within named all met, at the place and near the time appointed, and all of them being first affirmed according to law, they went upon the ground, examined the premises, held a session at the house of the defendant, and having heard the evidence and allegations of the parties, who were represented by counsel, they adjourned to meet at the house of the defendant on the 16th day of November, A. D. 1871.

" On said day two of the arbitrators met at the time and place appointed, to wit, Elijah F. Pennypacker and George Walters, and the waters of French creek being much swollen by recent rains they postponed the further consideration of the case until the spring of 1872 next following.

" May 25th 1872. Two of the arbitrators again met at or near ten o'clock, at the house of the plaintiff, to wit, Elijah F. Pennypacker and George Walter—Enoch Harlan not being present in consequence of being severely sick. They again proceeded to examine the premises, and had the water drawn down so as to expose the remains of an alleged fish-dam, and adjourned to meet again at the house of the defendant, May 28th 1872, at two o'clock, P. M.

" May 28th 1872. Said two arbitrators met at the time and

[Bartolett v. Dixon.]

place proposed, and after fully considering all the facts and circumstances in connection with the case, they do award and determine that the defendant has the right and is entitled to the privilege in accordance with the provisions of a certain agreement entered into April 28th 1804, between Samuel Root and Daniel Root of the first part, and William Shuler of the second part, to raise and flow back the waters of the dam upon the lands of the plaintiff up to within six inches of the under side of an iron bolt, 1 1-16 inches in diameter, driven in a hole drilled in a large rock, situated on lands conveyed by John Hoffecker to defendant. And we further award and determine that in our opinion there is nothing due to the plaintiff by the defendant by way of damage.

"Witness our hands this 28th day of May, A. D. 1872.
                                   "E. F. PENNYPACKER.
                                   "GEO. WALTERS."

The plaintiff filed these exceptions to the award:—

"1. All the referees met upon the ground, viewed the premises, and heard all the testimony that the parties had to produce, and the arguments of counsel, on the 28th of October 1871, and considering that the defendant's dam was higher than it ought to be, adjourned to another day for the purpose of deciding the case and fixing the marks to which the defendant had the right to raise the water. The severity of the weather prevented anything further being done till the following spring.

"2. On the 25th of May 1872, two of the referees met again upon the ground for the purpose of proceeding in the discharge of their duties, and on that day, or on the 28th of May 1872, to which they adjourned, they opened the case and heard further testimony on the part of the defendant, without the consent of the plaintiff, and against his protest and in the absence of counsel.

"3. The two surviving referees have no authority without consent, to open the case or hear further testimony, and if they could legally proceed at all, it could only be to make the award to which all had agreed at the time of their first meeting.

                                   "JOHN BARTOLETT."

The court (Butler, P. J.) overruled the exceptions, confirmed the award, and entered judgment on it. This was assigned for error on the removal, by the plaintiff, of the record to the Supreme Court.

*R. T. Cornwell* and *W. Darlington*, for plaintiff in error.—All the referees should have heard the case: Painter *v.* Kistler, 9 P. F. Smith 331; each party having a right to the benefit of the observation and suggestions of all: Backus's Appeal, 8 Id. 186. An authority given to more than one cannot be executed by fewer than the whole number, although one die or refuse: Paley on

[Bartolett *v.* Dixon.]

Agency 177; Potter *v.* Sterrett, 12 Harris 411; Russell *v.* Gray, 6 S. & R. 145. The award must be according to the submission: McCracken *v.* Clarke, 7 Casey 498.

*W. B. Waddell* and *P. Frazer Smith* (with whom was *G. F. Smith*), for defendant in error.—Awards of referees being domestic proceedings for composing strife, are favored, and every legitimate presumption will be made to sustain them, and technical objections not be heard: Rogers *v.* Playford, 2 Jones 181; McAdams *v.* Stilwell, 1 Harris 90, 97. So a proceeding which has to be submitted for the approval of the court, has been so submitted, and has been approved, will be presumed to be right. In such case, *omnia prœsumuntur rite esse acta.*

It is to be *conclusively* presumed that a judicial tribunal will not decide what it knows to be wrong, and if on its face the proceeding was wrong and the court heard and considered an application to set the award aside; and afterward approved it, there can be no other conclusion, than that there was that in the case which showed that the award was right as *e. g.* that the parties consented that the case should be considered by two: Kline *v.* Guthart, 2 Penn. R. 490; Browning *v.* McManus, 1 Wharton 177; Rogers *v.* Playford, *supra;* Buckman *v.* Davis, 4 Casey 211.

The opinion of the court was delivered, March 17th 1873, by

MERCUR, J.—This was an action on the case for raising the defendant's dam too high, and setting back the water upon plaintiff's land.

The parties agreed to refer all matters in variance between them to three persons named, the award of any two of them to be final.

The report signed by two of the arbitrators shows that all three of them met the parties and their counsel upon the 28th October 1871, went upon the ground, examined the premises, heard the evidence and allegations of the parties, and then adjourned to meet on the 16th November 1871. On said day two of the arbitrators met, and in consequence of the waters being much swollen by recent rains, they "postponed the further consideration of the case until the spring of 1872." May 25th 1872, said two referees met, the other arbitrator "not being present in consequence of being severely sick." The two proceeded again to examine the premises, causing the water to be drawn down so as to expose the remains of an alleged fish-dam, and then adjourned to the 28th May 1872. The said two arbitrators met in pursuance of their adjournment upon the 28th of May, "and after fully considering all the facts and circumstances in connection with the case," did award and determine, and completed and signed the report.

To this report the plaintiff filed three exceptions. The first

[Bartolett v. Dixon.]

and second alleged matters of fact not shown by the report. The third was to the action and award of the two referees in the absence of the third. The court overruled them and confirmed the report. To this decision of the court the plaintiff took no exception at the time; but sued out this writ of error. Afterwards, without the request of either party, the court filed an opinion. Several facts are therein averred that do not otherwise appear. This opinion so filed is no part of the record, and the facts therein alleged cannot be considered: Lancaster v. DeNormandie, 1 Whart. 49 ; Moyer v. Germantown R. R. Co., 3 W. & S. 91; Meese et al. v. Levis, et al., 1 Harris 384.

The validity of this award must be determined by the record alone. An authority given to three cannot be executed by two: Russell v. Gray, 6 S. & R. 145 ; Potter v. Sterrett, 12 Harris 412. All the arbitrators must hear the case and deliberate: Backus's Appeal, 8 P. F. Smith 186. It was said in Robinson v. Bickley, 6 Casey 384, and again in Painter v. Kistler, 9 P. F. Smith 331, that it is not necessary it should appear on the face of the award to have been so done; but if a majority have power to make an award and do make one the presumption is that the hearing, consultation and execution were regular, and that the minority have refused to join in the award. This, however, is a presumption only of a fact. Like other presumptions of fact it may be overcome by competent and sufficient evidence. In this case it is overthrown by the record evidence. The award distinctly · shows that the third arbitrator was present at the first meeting only. At the three subsequent meetings two only of the arbitrators met. The question then is, did the third arbitrator so far participate in the hearing and deliberation, as to make the award of the two valid ?

Much of the evidence was to be acquired by an examination of the premises. A very important part of the award was to establish permanent marks on the ground. The report shows that the water was drawn down; the remains of the old dam were examined ; and the iron bolt was driven or adopted by the two arbitrators only. The third arbitrator was not present. He was not consulted in regard to them. He had no knowledge that they were done. The two only consulted together. They alone considered and deliberated. They alone passed upon the question of damages down to the date of the award. They alone decided the case, seven months after they had held any conversation with the other arbitrator. The facts do not present such a joint consideration and deliberation as the law requires. The learned judge erred in entering judgment upon the award.

Judgment reversed, and the award of the arbitrators is set aside.