MARY S. HILLS *vs.* HOME INSURANCE COMPANY.

Suffolk.   Nov. 21, 1879. — Sept. 10, 1880.   MORTON & SOULE, JJ., absent

An award made by three arbitrators, two of whom had prejudged the case on *ex parte* testimony, is not binding upon a party to the submission to arbitration, especially if no notice of any meeting of the three is given to him.

A carpenter, who has built houses in various places, may be allowed to testify to the cost of building a house in a town in the vicinity of those where he has worked.

CONTRACT upon a policy of insurance against fire, in the sum of $4500, for three years from October 30, 1877, upon certain buildings in the town of Norfolk, which were destroyed by fire on September 27, 1878.   Writ dated February 27, 1879, and served on March 6 following.   The answer contained a general denial, and alleged that the amount of the loss by the fire had been fixed by the award of arbitrators, chosen by the parties, under the following provision in the policy: " In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not determine the liability of the company under the policy."   Trial in this court, before *Endicott*, J., who allowed a bill of exceptions in substance as follows:

On October 21, 1878, the proofs of loss having been presented to the defendant's agent, he demanded plans and specifications of the burned buildings, and requested an arbitration or appraisal of the loss, and named as arbitrator John J. Shaw.   Subsequently, the plaintiff named Nelson Curtis as an arbitrator.

On December 11, 1878, the plaintiff and defendant signed an agreement in writing, by which they submitted the amount of the damage caused by the fire to the determination of Nelson Curtis and John J. Shaw, " together with a third person to be appointed by them, if necessary, their estimate or that of any two of them to be binding on both parties."   Some time before January 20, 1879, the two arbitrators named agreed that John J McNutt should act as the third arbitrator.

On January 20, 1879, Shaw went to the office of one Garbett, a surveyor and architect, who had been employed by the plaintiff to prepare plans and specifications of the building destroyed, in compliance with the demand of the defendant's agent, as before stated, and told him that the arbitrators were to meet that morning to hear the statement of Caleb S. Williams, who resided in Norfolk, and who had been notified by the agent of the defendant to be present that day, and requested Garbett to procure the attendance of Curtis at such meeting. Garbett said it was almost impossible to find Curtis at such short notice. Shaw then asked him what he should do if Curtis was not present, and Garbett replied, " Go ahead, don't wait for him." Shaw testified that he did not then know whether Garbett was acting as agent of the plaintiff or not ; that he knew the attorney conducting this trial very well, and knew that he then acted as the attorney of the plaintiff; that no notice was given to either party of the proposed meeting of the arbitrators, except as above stated ; and that it was not customary with him, or with arbitrators generally in insurance cases, to give notice of their meetings. Garbett testified that his reply to Shaw on the morning of January 20 was, to go ahead, he had better do something; and that he, Garbett, had not acted as the agent of the plaintiff.

Williams, having received notice from the defendant's agent, on January 20 went to the agent's office, and there met Snow and Shaw, and went with Shaw to a certain place, and there met McNutt, and having been sworn as an arbitrator with Shaw and McNutt, they subscribed the following oath on the back of the original submission to the arbitrators : " We, the undersigned, do solemnly swear, that we will act with strict impartiality in making an appraisement and estimate of the actual damage to the property of Mary S. Hills, formerly Mary S. Smith, insured by the Home Insurance Company of New York, agreeably to the foregoing appointment, and that we will return to said company a true, just and conscientious appraisement and estimate of damage on the same, according to the best of our knowledge, skill and judgment." Annexed to this was the jurat of a justice of the peace. They then made an award, appraising the damage to the plaintiff's property at $3500, and returned it to the defendant's agent.

A copy of the submission and award, together with a copy of the paper appointing McNutt as third arbitrator, dated February 4, 1879, was sent to the plaintiff's counsel, who thereupon notified the defendant's agent that the plaintiff declined to admit the validity of the award.

On February 28, 1879, Shaw, Curtis and McNutt met and considered the matters embraced in the submission, and made an award, appraising the plaintiff's damage at $3750. No notice of this meeting was given to the plaintiff or the defendant, but a copy of the award was sent to the attorney of the plaintiff on March 4, 1879.

When Shaw, McNutt and Curtis made the last-named award, the name of Williams was erased from the original award and oath, and the name of Curtis subscribed by him both to the oath and the award, below the name of McNutt, and the amount of the award was changed from $3500 to $3750.

The defendant contended that the award of Shaw, McNutt and Curtis was conclusive on the amount of loss or damage to the property destroyed; but the judge ruled, as matter of law, upon the foregoing facts, that such award was not conclusive upon this point, and that the plaintiff had a right to withdraw from the arbitration, as she did through her counsel before it was made. Evidence was introduced as to the value of the property by the plaintiff, and also by the defendant in reply.

At the close of the evidence the defendant requested the court to rule that the award of Curtis, Shaw and McNutt was evidence upon the question of the amount of loss or damage; but the judge declined so to rule.

The plaintiff called a witness, who testified that he was a carpenter and builder in Boston and vicinity, and had built in Boston, Malden, Newton, Roxbury and Swampscott, and had figured on the cost of buildings in Walpole, and had shipped lumber from Boston to Medway, an adjoining town to the town of Norfolk, but had no knowledge of such property in Norfolk, except from his experience in building; that, having examined the aforementioned plans and specifications, he could tell what it would cost to build such buildings in Boston or vicinity and knew the value of the same there; and that the difference, in building in Norfolk, was in a matter of freight. The witness

was then permitted, against the defendant's objection, to testify to the value of the buildings destroyed at the time of the fire.

The jury returned a verdict for the plaintiff for $4598.73; and the defendant alleged exceptions.

*W. P. Wilson*, for the defendant.

*A. Russ & D. A. Dorr*, for the plaintiff.

AMES, J. The defendant places no reliance upon the first award, purporting to have been made by Williams, Shaw and McNutt. The arbitrator whom the plaintiff had selected took no part in the hearing, and apparently had no notice to attend. The other arbitrators saw fit to proceed without him, and, without any notice to the plaintiff, and of course without her consent or that of any person authorized to represent her, to substitute in his place a person whom the defendant had summoned to attend for the purpose of making a statement; an expression which we must suppose to mean, for the purpose of testifying as a witness called by the defendant. An award so obtained had no legal validity, and could in no sense be binding on the plaintiff.

For the apparent purpose of curing the defects of this proceeding, an attempt was made to procure a new award, to bear the signatures of the three arbitrators originally appointed. To this new proceeding, the plaintiff did not assent, but commenced this suit, without waiting for the result of the new hearing. It is argued on the part of the defendant, that, inasmuch as the plaintiff did not notify the arbitrators themselves of her dissent, there was no formal and sufficient revocation of the submission of the case to them. However that may be, the plaintiff is still at liberty to controvert the validity of the award on any other ground. Corruption, partiality or misconduct on the part of the arbitrators is a sufficient objection to an award, independently of any question as to a formal revocation of their authority. The facts reported show that two of the arbitrators at the second hearing were not impartial men, but had heard the case upon *ex parte* testimony, and had committed themselves to a decision which was not satisfactory to the plaintiff upon the very question in dispute. And this new hearing was had, not only after those two arbitrators had so committed themselves, and prejudged the case, but without notice to the plaintiff. It

is true that much will be presumed in favor of an impartial and fair award, but the irregularity in this case takes it out of the general rule. *Conrad* v. *Massasoit Ins. Co.* 4 Allen, 20. *Strong* v. *Strong*, 9 Cush. 560.

With regard to the testimony of the expert, it appears from the bill of exceptions that he was a carpenter and builder in Boston and vicinity; that he had built in numerous places in the neighborhood of Boston; that from his experience in building, and from the examination of the plans and specifications, he could tell what it would cost to construct such buildings in Boston and its vicinity, and knew the value of the same there; and that the difference, in building in Norfolk, was only in a matter of freight. We think that this showed such a degree of experience and skill in the subject matter that the court might rightfully receive his judgment as to the value of the buildings destroyed by fire, as competent evidence for the jury to consider, leaving its weight to be judged of by them. The question as to his qualifications as an expert is largely within the discretion of the presiding judge, and we find no error in his decision. *Tucker* v. *Massachusetts Central Railroad*, 118 Mass. 546. *Lawrence* v. *Boston*, 119 Mass. 126.                    *Exceptions overruled.*