## Zoni, Appellant, *v.* Importers and Exporters Insurance Company of New York.

Argued September 27, 1939; reargued March 25, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Waldo P. Breeden,* for appellant.

*James R. Van Kirk,* with him *W. W. Stoner* and *J. M. Stoner & Sons,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 15, 1940:

Plaintiff entered a bill to set aside as fraudulent an award under a contract for appraisement of a fire loss, and for other specified relief. Defendant answered by raising preliminary objections, asserting that plaintiff has a complete and adequate remedy at law and that the bill was multifarious, contradictory, and contained insufficient averments of facts. The order of the court below sustaining the objection that plaintiff has a complete and adequate remedy at law and dismissing the bill on that ground is challenged by this appeal.

In the bill it is alleged that plaintiff entered into an agreement with defendant insurance company for an appraisement, for the purpose of determining and fixing the amount of sound value of a property and of a fire

loss thereto. Under the terms of the contract, each party nominated an appraiser, who in turn selected an umpire to act with them in matters of difference only. It was agreed that the award of any two should be binding. An award was made, plaintiff's appraiser refusing to join in, acknowledge or approve it because he claimed he had not been consulted. Upon this ground and because of the alleged partiality of the umpire and the inadequacy of the award, plaintiff seeks to set aside the award alleging fraud. Defendant has paid the corporate mortgagee the sum of $2,632.30 and has taken an assignment of its mortgage on the premises. The amount of the insurance was $5,000 and the amount of the award $2,832.

The learned court below erred in sustaining defendant's preliminary objection. The bill of complaint alleges fraud in the procurement of the award. In this Commonwealth chancery always assumes jurisdiction in relief of fraud and this is so whether or not the remedy in equity is more efficacious or adequate than an action at law: *Custis v. Serrill*, 303 Pa. 267, 272. The jurisdiction exercised by the courts of chancery on the ground of fraud was expressly bestowed upon the several courts of common pleas by the Act of June 13, 1840, P. L. 666, section 39, as extended by the Act of February 14, 1857, P. L. 39: *New York Life-Ins. Co. v. Brandwene*, 316 Pa. 218, 220.

The appellee strenuously argues that the facts of the controversy are insufficiently averred in the bill. With this contention we cannot agree. The record reveals that in support of her cause, plaintiff avers, inter alia, that: "The defendant's arbitrator . . . secretly and without notice to or knowledge of the plaintiff or her representative . . . and for the purpose of unlawfully and fraudulently reaching a figure for the loss lower than the actual amount, met and counselled with the umpire . . . and determined upon a loss figure of sound value $3,282.00 loss $2,832.00 . . .," and also that her ". . .

representative . . . . learning of the conspiracy and conniving and secretly held conference of . . . defendant's arbitrator, and . . . the umpire, refused to join in, acknowledge or execute the award of fire loss, and notified defendant's arbitrator and the umpire of his refusal and the reasons for his refusal."

These averments alone, even without the other allegations of fraud in the selection of the umpire and the claimed inadequacy of the award, are entirely adequate to warrant a disposition by the chancellor of the case on its merits. It is a well-established principle that where an umpire has been appointed, and there has been a disagreement, as in the instant case, an award reached by the umpire and one of the appraisers, without conference with the other appraiser, or notice to him or the insured, is invalid; such conduct amounts to a deprivation of one party of any representation in the appraisal proceedings: *Bartolett v. Dixon,* 73 Pa. 129, 133; *Schmitt Bros. v. Boston Ins. Co.,* 81 N. Y. S. 767, 769; *Providence W. Ins. Co. v. Gulinson,* 73 Colo. 282, 285; *Hill v. Home Ins. Co.,* 129 Mass. 345, 348; *J. E. Davis Mfg. Co. v. Freman's F. Ins. Co.,* 210 Fed. 653, 661. Particularly is an award procured under such circumstances invalid, if, as averred by plaintiff, defendant's appraiser "secretly and without notice to or knowledge of the plaintiff or her representative . . . and for the purpose of unlawfully and fraudulently reaching a figure for the loss lower than the actual amount," connived with the umpire.

The question of multifariousness is very much within the discretion of the court *(Lafean v. American Caramel Co.,* 271 Pa. 276, 283), and in justice to plaintiff we do not think that the present bill should be dismissed for that reason.

The order is reversed, and the record remitted to the court below for further proceedings not inconsistent with this opinion; costs to abide the final disposition of the cause.