The Maccabees *v.* Cappas et al., Appellants.

Argued November 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*James A. Wright*, with him *Morris M. Berger*, for appellants.

*John F. Gloeckner*, for appellee.

OPINION BY ARNOLD, J., March 15, 1949:

The Maccabees, a fraternal benefit association, filed its bill in equity against the defendants, praying for cancellation of its policy of life insurance issued upon the life of James P. Cappas, because of fraudulent misrepresentations in his application. The defendants are the beneficiaries named in the policy which was issued on the insured's written application made March 24, 1941.

The insured died August 17, 1941. It is admitted that in his written application the insured made false answers to certain questions material to the risk. The testimony showed and the chancellor found that at the time of

the application and prior thereto, he was a syphilitic; and further found that his false answers were knowingly made. The court en banc affirmed the chancellor, and the defendants appealed.

Appellants' principal contention is that since the defense of inceptive fraud could be offered to a suit brought by the beneficiaries against the insurer, the latter has an adequate remedy at law, in the absence of some averment or proof of circumstances showing the legal remedy inadequate. No suit at law had been brought when the bill was filed, but such action was commenced eight days thereafter. The insurer retained the proof of death for eleven months, and then denied liability and simultaneously filed this bill. There was no operative incontestability clause, and no circumstances averred such as the fear of loss of evidence.

Whatever may be the rule in other jurisdictions, the law is firmly established in Pennsylvania that "chancery always assumes jurisdiction in relief of fraud and this is so *whether or not the remedy in equity is more efficacious or adequate than an action at law.*" (Italics supplied) : *Zoni v. Importers and Exporters Insurance Company of New York*, 338 Pa. 165, 12 A. 2d 575. The jurisdiction exercised by courts of chancery on the ground of fraud was bestowed upon the courts of common pleas of Philadelphia County by the Act of June 13, 1840, P. L. 666, § 39, 17 PS § 286, and extended to the courts of common pleas of other counties by the Act of February 14, 1857, P. L. 39, 17 PS § 283. See *New York Life Insurance Company v. Brandwene et ux.*, 316 Pa. 218, 172 A. 669. The *Zoni* case was followed by this Court in *Fishel et ux. v. McDonald et ux.*, 163 Pa. Superior Ct. 251, 254, 60 A. 2d 820, in which Judge RENO said: ". . . fraud vitiates everything that it touches, and an allegation of fraud coupled with a prayer for an appropriate and characteristic equitable remedy always calls forth the powers of the chancery

court.". The rule in the *Zoni* case was also reiterated in *Overmiller v. Town and Village Insurance Service*, 145 Pa. Superior Ct. 347, 351, 21 A. 2d 411.

There is therefore no room for discussion of whether the insurer's remedy at law, by way of defense, was an adequate remedy. Likewise, since equity assumes jurisdiction in the inceptive fraud cases, the present appellants were not entitled to a trial by jury except under Equity Rule 61, which provides that such a verdict is only advisory to the chancellor.

Appellants allege that the weight of the evidence was against the finding of fraud, but, as we have said, admit both that the insured made the false answers in his application, and that these were material to the risk. It was an entirely legitimate inference or deduction, from the evidence, that he knew that his answers were false. See *Walsh v. John Hancock Mut. Life Ins. Co.*, 164 Pa. Superior Ct. 184, 63 A. 2d 472. Undoubtedly there was sufficient evidence to sustain the chancellor's findings.

Decree affirmed; appellants to pay the costs.