## Zinni v. One Township Line Corp.

*Maurice M. Green*, for plaintiff.

*Francis R. Lord*, for defendants.

DIGGINS, J., April 9, 1965.—Plaintiff commenced an action in equity against the above mentioned corporate defendants. The complaint alleged, inter alia, that plaintiff was one of the creditors of defendant, One Township Line Corp.; that said defendant had been the owner and operator of a restaurant, cocktail lounge and bar; that said defendant arranged for and did sell the said restaurant, cocktail lounge and bar as well as certain real estate to the defendant, Jay-Bar Corporation, allegedly a Pennsylvania corporation, formed for the purpose of taking title to the real estate; that a further corporation, defendant, Mark Darby Corporation, was formed, allegedly a Pennsylvania corporation, which singly or in combination with Jay-Bar Corporation, or Jay-Bar Corporation singly, arranged to purchase the restaurant, cocktail lounge and bar, including the liquor license, from One Township Line Corp.; that Jay-Bar allegedly was to act as landlord and Mark Darby Corporation as tenant operator of the restaurant, cocktail lounge and bar; that both Jay-Bar Corporation and Mark Darby Corporation are merely straw corporations owned and controlled by the defendant, Mark Hotels Corporation; and further alleged that the aforesaid transfer of the restaurant, cocktail lounge and bar were fraudulent and in violation of the bulk transfer provisions of the Uniform Commercial Code; and that the court should decree certain equitable relief.

To this complaint in equity, defendants filed preliminary objections in the nature of a demurrer. On December 30, 1964, a preliminary hearing was held before the late Honorable William R. Toal and a preliminary injunction thereafter issued. During the course of this hearing, the defendants' preliminary ob-

jections were dismissed and same are now before the court en banc for disposition. Although the objections are fourfold in nature, the defendants are pressing, at this time, only two of the objections, i.e.:

A. The alleged transfer of the restaurant, cocktail lounge and bar is not subject to the bulk transfer provisions of the Uniform Commercial Code; and

B. There is no jurisdiction over defendants, Jay-Bar Corporation and Mark Hotels Corporation, by reason of lack of proper service upon them.

As to the first contention, the applicable authorities are clear and explicit that the bulk transfer provisions of the Uniform Commercial Code, April 6, 1953, P. L. 3, sec. 6-101, et seq., as amended, 12A PS §6-102, apply to the instant case.

In Uhr v. 3361, Inc., 21 D. & C. 2d 348, the court, speaking through Alessandroni, J., held that the sale of a restaurant taproom business is a sale within the meaning of the bulk transfer provisions of the aforesaid code. Moreover, in that case, the court stated that the defense that the sale is an exempt transaction is an affirmative one and must be established by the party who raises it. See also Stein v. Goldberg, 2 D. & C. 2d 562, and Brooks v. Lambert, 10 D. & C. 2d 237, which construe the application of the provisions of the present statute to analogous circumstances, and Goodis v. Sawitt, 83 D. & C. 350, and Plumer v. Flynn, 86 D. & C. 47, which applied the provisions of the now repealed Bulk Sales Act to similar situations. Defendants rely exclusively, in support of their position, on the comment following the applicable provisions of the code. Notwithstanding such comment, it suffices to say that it is not controlling and that the courts have not followed the comment. We find no merit in defendants' contentions in this regard.

As to the other contention advanced by two of the defendants, i.e., that there is no jurisdiction over the

person of defendants, Jay-Bar Corporation and Mark Hotels Corporation, by reason of lack of proper service upon them, the said defendants urge that they are not Pennsylvania corporations, are not licensed to do business in Pennsylvania and in fact do not engage in business in Pennsylvania. These alleged facts, however, are not supported by an affidavit although at the hearing on the preliminary injunction, some evidence along these lines was produced. However, we are unable at this juncture to determine this issue without the presentation of sufficient and adequate evidence in depth. Accordingly, in compliance with Pa. R. C. P. 1028(c), issues of fact as to jurisdiction having been raised, we conclude that additional testimony and evidence are required.

As to the two preliminary objections which the defendants are not now pressing, i.e., that the action should be in assumpsit and that plaintiff has an adequate remedy at law, we find no merit. In Plumer v. Flynn, 86 D. & C. 47, the court, in construing the former Bulk Sales Act, held that a violation constitutes such fraud as to confer equitable jurisdiction regardless of the fact that there may have been an adequate remedy at law, citing The Maccabees v. Cappas, 164 Pa. Superior Ct. 317.

We therefore make the following

ORDER

And now, to wit, April 9, 1965, the first, second and third preliminary objections of defendants, same being in the nature of a demurrer, be and the same are herewith dismissed. As to the fourth preliminary objection raising the issue of the court's jurisdiction as to the defendants, Jay-Bar Corporation and Mark Hotels Corporation, decision thereon is reserved and it is ordered and directed that the parties hereto produce testimony and evidence directed to that issue.