The cause was submitted without argument, and the opinion of the Court (absents Parsons, C. J.) was delivered by
Sedgwick, J.
By the statute of 1783, c. 59, § 2, it is enacted that when any goods or estate are attached upon *any writ or process, in case the cause of action [ * 256 ] docs by law survive, the same shall not be released or discharged by reason of the death of either party, but be held good to respond the judgment, to be given in the suit, in the same man *216 ner as by law they would have been, if such deceased person had been living; provided that where any estate, so attached, shall, by the executor or administrator of the same, be represented as insolvent, and a commission of insolvency shall thereupon issue: in all such cases, attachments, made as aforesaid, shall have no force or efficacy after the death of the original defendant or defendants in the action.
Rockwood for the plaintiff.
The Solicitor-General for the defendant.
In the present case, there was no commission of insolvency issued, nor any representation made by the administrator. The words of the statute are very clear and explicit. The attachment was not discharged, and the officer made himself liable to the plaintiff by neglecting to levy the execution on the goods which he had attached. The plaintiff is therefore entitled to judgment.
As to the question, respecting the measure of damages, it is a general and very sound rule of law, that where an injury has been sustained, for which the law gives a remedy, that remedy shall be commensurate to the injury sustained. The damages in this case are the value of the goods attached, it being understood that such value did not exceed the amount of the plaintiff’s judgment in the suit upon which they were attached.

Judgment on the verdict.