# Woodburn *against* The Farmers' and Mechanics' Bank.

5ws447
166   364

The opinion of a witness whether a piece of land is included within the description contained in a levy, is not competent evidence.

If unseated land be encumbered by the lien of a judgment, and the debtor suffer it to be sold at treasurer's sale, and purchased for his use, such sale confers no title upon the purchaser, and it may be recovered from him by a purchaser at sheriff's sale under the judgment, without refunding to him the purchase money paid by him to the treasurer.

A presumption of payment from lapse of time arises against the claim for taxes assessed upon unseated lands.

ERROR to the Common Pleas of *Cumberland* county.

The Farmers' and Mechanics' Bank against William Barbour and John M. Woodburn. This was an action of ejectment for 20 acres of land called the Boring-Mill tract. The plaintiffs gave in evidence a warrant to George Ege, of the 28th October 1828, for 30 acres, calling for interest from 1st July 1803, and proved that he and those claiming under him had possession of the land from that time. George Ege was the owner of Mount Holly Iron-Works estate, of which the land in dispute adjoined and formed a part, as the plaintiffs alleged. They then gave in evidence a judgment of the Farmers' and Mechanics' Bank against George Ege, obtained originally in 1820, and regularly revived; an execution upon it levied, *inter alia*, on the " Mount Holly Iron-Works estate, composed of several adjoining tracts, &c., containing in all about 7689 acres, &c." Upon a *venditioni exponas* this estate was sold to the plaintiffs.

The defendants offered to prove by George Ege that the Boring-Mill tract now in dispute, as located on the ground, was not embraced in the terms of the levy. The plaintiffs objected to the opinion of the witness, but not to any facts or circumstances within his knowledge, tending to show that the land in dispute was not embraced in the levy. The court sustained the objection, and sealed an exception.

The defendants offered to prove that in an amended levy, that was lost, the saw-mill was included, and that it stood on the Mount Holly estate. To this it was objected that it should first be shown there was an amended levy, and that it was lost. This objection was sustained, and the defendants excepted.

The defendants then proved that the land in dispute had for a long time been known and called by the name of the Col. Flowers tract, and that it had been assessed with taxes in his name for the

[Woodburn v. The Farmers' and Mechanics' Bank.]

years 1781–3–5–6, for the payment of which it was sold as unseated land in 1824 by the treasurer to the commissioners, who in 1831 sold it for $560 to John M. Woodburn, who paid the whole of the purchase money. George Ege was present at this sale, and made no objection. The same tract of land was also assessed in the name of George Stephenson, for the years 1785–6, and it was sold at the same time, and under the same circumstances, as his.

The plaintiffs then gave evidence to prove that at the time of the sale of the land by the commissioners, John M. Woodburn was managing the Mount Holly Iron-Works for George Ege, and that George Ege had a conversation with him about the sale of the land before it was sold; and after the sale, Woodburn said he had purchased for George Ege. The plaintiffs also proved that the improvement which had been made or occupied by Col. Flowers and George Stephenson had gone to waste, as early, at least, as 1780.

The plaintiffs requested the court to charge the jury :—

1. That unappropriated lands of the Commonwealth are not the subject of taxation. If, therefore, the defendants have not shown that the title to the land in dispute was out of the Commonwealth from the year 1781 to 1791 inclusive, being the years for which it was assessed, taxed and sold, the commissioners derived no title under the sale of them in 1824, and, therefore, gave none to John M. Woodburn by their sale and deed in 1831.

2. That if the jury believe that a Colonel Benjamin Flowers or George Stevenson took possession of the land in dispute before or about the time of the Revolution without any office title, and built a boring-mill upon it, and abandoned it before the year 1781, it was then the property of the Commonwealth, and not subject to taxation and sale in the manner shown by the defendants.

3. If the same tract of land was assessed, taxed and sold in the name of Benjamin Flowers, and also in the name of George-Stevenson, and the sale in the name of each was made on the same and for different sums to the commissioners of the county, such sales are illegal, and vest no title in them, and therefore they could make none to the defendants.

4. That if the land was the subject of taxation for the years from 1781 to 1791 inclusive, and taxes assessed for those years, after the lapse of thirty-three years, the law raises a presumption that they were paid, and therefore a sale of the land as unseated in 1824 is illegal, and vested no title in the commissioners, and consequently they gave none in 1831 to the defendant.

5. If the jury believe that George Ege had a title to the land in dispute in 1831 and before that time, to which the lien of the judgment of the plaintiff had attached, any agreement and arrangement which was then made between him and the defendant, by which the land should be sold as unseated and purchased in for

[Woodburn v. The Farmers' and Mechanics' Bank.]

the use of George Ege, would not prejudice the plaintiffs' lien, or compel them to pay any money to the defendant in consequence of such arrangement and purchase.

The court answered the 1st and 5th points in the affirmative, and the 2d, 3d and 4th in the negative.

The errors assigned, were in rejecting the evidence as contained in the bills of exception, and the affirmative answer of the court to the plaintiffs' fifth point.

*Biddle*, for the plaintiff in error.

*Watts* and *Alexander*, contra, who requested the court to give an opinion as to the effect of the lapse of time after the assessment of a tax upon unseated land. They argued, that there was no reason why a presumption of payment should not arise.

The opinion of the Court was delivered by

Rogers, J.—Ejectment to recover about 20 acres of land, part of a large tract. The plaintiff claims title under a judgment rendered against George Ege, sold as his property by the sheriff of Cumberland county, and by him conveyed to the plaintiff. The recovery is resisted for several reasons, the principal of which are, that the land in controversy was not included in the levy, in pursuance of which the sale was made; that the tract was unseated, as such sold for payment of taxes, and that John M. Woodburn, one of the defendants, was the purchaser. On the first point, the defendants offered to prove, that the Boring-mill tract, as it is called, the property now in dispute, as located on the ground, is not embraced in the levy. The plaintiff objected to this evidence on several grounds, particularly stated in the bill, and the court permitted the witness to prove any facts within his own knowledge with regard to the location of this tract, or any of the particular tracts mentioned, tending to show that the Boring-mill tract is not embraced in the levy. They however decided, that the opinion of the witness, as to what is or is not embraced in the levy, was not evidence. And this was a judicious discrimination, for under the circumstances of this case, we cannot fail to perceive, that the admission of the opinion of the witness would have been very dangerous to the right of the plaintiff. Nor do we think the second offer entitled to more favour; for surely, before they can be allowed to give the proof contained in the second bill, they must prove as a preliminary, the existence of the writ, and further, that it was lost; otherwise the contents cannot be proved. This is too plain to need the aid of argument.

The defendants complain of the affirmative answer of the court to the fifth point. If the facts be as there assumed, it would be proof of a combination to defraud the bank, which can receive no countenance in a court of justice. The plaintiff alleges, and of

v. — 57     2 N *

this allegation there is evidence perhaps sufficient to satisfy the minds of a jury, that the tract in dispute was seated, and had been for a long time previous to the sale for taxes, that it was in the undisturbed possession of Ege, and that for the purpose, and no other, of defeating the lien of the bank, an arrangement was made between Ege and Woodburn that the land should be sold for the arrearages of taxes, and that Woodburn should become the purchaser for the use of Ege. Trick and artifice of this kind cannot be permitted to affect vested rights. It would be a disgrace to a court of justice to allow such fraudulent schemes to succeed.

A question of some moment incidentally occurs in this case, that is to say, whether a presumption of payment derived from lapse of time may not arise against taxes in our county rates. The maxim *nullum tempus occurrit regi*, has, it is true, been extended to the Commonwealth as an incident of sovereignty, but there is no reason why this maxim should be applied to a tax imposed for county purposes. Several cases have occurred of extreme hardship, which have directed our attention to this subject. I refer particularly to *Robinson* v. *Williams*, (6 *Watts* 281), to which the attention of the Legislature is invited. It was decided after great deliberation and hesitation, and nothing but an imperative sense of duty brought us to the conclusion to which we eventually came. Why may not a presumption of payment arise in this as in other cases between individuals ? There is surely as much necessity for one as the other. And if it should so happen, that the fiscal concerns of the counties are neglected, why should an innocent person, a purchaser without notice for example, and without the means of acquiring it, except by great diligence, where counties are divided, have his land swept from him in payment of taxes of long standing? Would it be unreasonable, to presume they were paid so far as to prevent a sale of the land? Would it be unreasonable to hold, not only that the delay raises a presumption of payment, but that this is a presumption *juris de jure*.

After an examination of all the errors, we find none which contains a semblance of justice, nor is there anything in them which requires special notice.

Judgment affirmed.