ALEXANDER ZACHARY, Plaintiff in Error, *v.* JACOB SWANGER, Defendant in Error.

*Assumpsit.—Error to Washington.*

1. In an action for violating a contract, where the contract furnishes the measure of damages, no other will be adopted.
2. Witnesses, except upon questions of skill or science, are not allowed to give their opinions as evidence where they have no personal knowledge of the facts in the case.

*J. McCabe,* for plaintiff.

*A. Campbell,* for defendant.

WILLIAMS, C. J.   Several objections are made to the proceedings in the court below, only two of which deserve particular notice.   Evidence was given on the trial to prove that the parties made a contract by which defendant in error was to cultivate, in wheat and rye, a certain quantity of plaintiff's land—plaintiff to furnish seed, team, &c., and defendant to thresh and deliver one-half of the grain to plaintiff.   Further evidence was given to show that defendant, after taking possession of, did not cultivate the said land in wheat and rye, but permitted a volunteer crop of oats to grow upon it.   The District Court instructed the jury that the "reasonable rent" of the ground was the rule by which to estimate damages for the violation of said contract.   We regard this instruction as incorrect.   Where the contract furnishes the measure of damages, no other will be adopted.   The value of the grain which the plaintiff would have received from a compliance with the contract by defendant, is the proper standard for estimating damages in this case.   No injustice is worked by requiring a party to perform his agreement, or pay in damages what would be equivalent to a performance.

Zachary *v.* Swanger.

But this mode of computing damages, it is said, is too vague and uncertain. Farmers acquainted with the land in question can tell about how much it would produce with proper cultivation, and there is no greater danger of mistake here than in any other case where an exercise of judgment is necessary in the estimation of damages. Suppose Zachary had sued Swanger for want of skill and inattention to the crop, by which it was injured, it certainly would be compe· tent for Zachary to show what sort of a crop skill and attention would have produced upon the ground, in order to ascertain his damages; and if this is practicable and safe in case of a poor crop, it is surely none the less so in case of no crop at all. It is a general rule of law, respecting the manner of damages, that when an injury has been sustained, for which the law gives a remedy, such remedy shall be commensurate with the injury to which it is applied. (*Rockwood* v. *Allen*, 7 *Mass.* 254; *Swift* v. *Barnes*, 16 *Pick.* 194.) To make the rent of land the measure of damages in this case, would be to deny to plaintiff full reparation for the injury which he has suffered. By the delinquency of defendant, plaintiff has lost an ascertainable quantity of grain, as much so as if defendant had agreed to deliver a certain number of bushels at a specified time, and had failed to do so. The court below permitted a witness, who had never seen the volunteer crop of oats, to form an opinion ·as to its value from the other testimony in the case, and give such opinion as evidence to the jury. This was contrary to the well-established rule that witnesses, except upon questions of skill or science, are not allowed to give their opinions as evidence where they have no personal knowledge of the facts in the case. (*The People* v. *Bodine*, 1 *Denio*, 281; *Woodburn* v. *Farmers' and Mechanics' Bank*, 5 *Watts & Serg.* 447; *Rider* v. *Ocean Insurance Company*, 20 *Pick.* 259; *Beard* v. *Rirk*, 11 *New-Hampshire*, 397; *Doe* v. *Reagan*, 5 *Black*, 217.) The other proceedings of the District Court in this case seem to be unexceptionable.

Judgment below reversed.