Clarence Kennedy, Assignee of Order of Vesta, Appellant, *v.* Beauveau Borie et al.

[Marked to be reported.]

*Mortgage—Discharge of—Sheriff's Sale—Fraud—Evidence.*

Where a person takes title to land subject to two mortgages, he cannot, at a subsequent sheriff's sale under the first mortgage, buy in the property and hold it divested of the lien of the second mortgage.

In such case, on a bill in equity by the owner of the second mortgage for a decree to continue the lien of his mortgage, evidence is admissible which tends to show that, after the scire facias was issued and before the sale, plaintiff was ignorant of the proceedings; that defendant was negotiating with him for the purchase of his debt; and that all mention of the preceedings during the negotiation was studiously avoided by defendant.

Argued Jan. 30, 1895.    Appeal, No. 191, July T., 1894, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1893, No. 1025, sustaining demurrer to bill in equity.    Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.    Reversed.

Bill for decree continuing lien of mortgage.

The bill averred in substance as follows:

1. Plaintiff is assignee for the benefit of creditors of the Order of Vesta.

2. Among the assets assigned were a bond and mortgage of defendants Groome and wife to the assignor, for $5,000, on property in Delaware county, described in an exhibit to the bill. It is still wholly due and unpaid.    It was subject to the lien of a prior mortgage for $8,000, given by same mortgagors to the Fairmount Park Art Association.

3. After the assignment to plaintiff, defendants Groome and wife conveyed the mortgaged premises to defendant Martin, by deed dated, etc., the conveyance being expressly subject to both mortgages.    Martin is clerk in the office of defendants C. & H. Borie, and took title merely for them, they furnishing the consideration.

4. On Feb. 10, 1893, a scire facias was issued on the first mortgage, which was prosecuted with such speed that both it and an alias writ were returned nihil habet, and judgment was entered on the two returns.    A sheriff's sale was had, and the

sheriff's deed was acknowledged on April 3, 1893.  The consideration was $9,005, and the purchaser was defendant Martin, who again took title for C. & H. Borie, who furnished the purchase money.  Plaintiff is not prepared to state what connection defendants had in bringing about the sale.

5. Defendants Martin and the Bories were aware of the proposed sale, and, being aware of it, were in negotiations with plaintiff respecting his debt.  They did not mention the proposed sale, but, on the contrary, as since stated by their counsel, "studiously avoided" reference to it.  Plaintiff has been informed by Groome that there was an arrangement between him and the Bories by which they were to protect the incumbrances.  Relying on this and the pending negotiations, he failed to examine the records of Delaware county during the short space of seven or eight weeks between the issuing of the first scire facias and the sheriff's deed, and did not know of the sale.

6. Defendants Martin and the Bories claim to hold the property discharged of plaintiff's mortgage.  Plaintiff claims that the circumstances, fully set forth in the bill, were a positive concealment of the proposed sale, against their duty, and that defendants, being owners of the mortgaged premises, and subject to the duty of paying incumbrances, could not change the nature of their title and discharge his incumbrance, at least without giving him an opportunity to protect his interests.  He had sufficient cash assets of the assigned estate to protect himself at the sale had he known of it.

The prayers of the bill are: (1) A decree that the title was not changed or plaintiff's mortgage discharged by the sale. (2) That defendants may be required to pay the mortgage debt.  (3) An injunction against the sale of the mortgaged premises clear of the mortgage.  (4) General relief.

Defendants C. H. Borie and John S. Martin demurred for the following reasons:

1. The mortgage is not set forth and it does not appear that it is due.

2. There is no averment that defendants brought about the sheriff's sale.

3. The facts set forth in section 5 of the bill are no ground of relief, but, on the contrary, show that the parties were dealing at arm's length.

4. It is not averred that Groome's statements were known or assented to by these defendants. Their relations with Groome do not create a confidential relationship with plaintiff.

5. There is no direct averment of an arrangement between them and Groome, and especially of an arrangement in writing within the statute of frauds.

6. There is no averment that the sheriff's sale was irregular or the consideration insufficient.

7, 8. Want of equity and general reasons.

The court sustained the demurrer.

*Error assigned* was above decree.

*J. Howard Gendell* and *John G. Johnson*, for appellant.— Where the defendant in an execution, or the owner of land whose duty it is to pay a prior incumbrance, fails to perform that duty, by reason of which the land is sold and he himself buys it, he takes in accordance with his former title, and the second incumbrance, especially if it be a mortgage, is not discharged: Taylor v. Smith, 2 Wharton, 432; Woodburn v. Bank, 5 W. & S. 447; Hoppin v. Doty, 25 Wis. 575; Good v. Schoener, 10 Leg. Int. 151; Cleary v. Kennedy, 16 W. N. 313; Rauch v. Dech, 116 Pa. 157; Rushton v. Lippincott, 119 Pa. 12.

A renewal of a lease which had been mortgaged is subject to the mortgage. Where the renewal is rendered impossible by the purchase by the lessee of the reversion, the reversion will be subject to the mortgage: Coote on Mortgages, 244; Taylor v. Wheeler, 2 Salk. 449; Smith v. Chichester, 4 Irish Eq. 580; Collett v. Hooper, 13 Ves. 255.

The assignee of a lease, which was subjected to an annuity by the lessee, was evicted for non-payment of rent. Pending legal proceedings, he obtained a new lease. *Held*, subject to the annuity, although the charge had been created by the original lessee: Jones v. Kearney, 4 Irish Eq. 74. See also Hughes v. Howard, 25 Beav. 575.

Of the cases cited in Taylor v. Smith, 2 Whart. 432, the judgment under which the sale took place was against a former owner.

In Jones v. Kearney, 4 Irish Eq. 74, the person who forfeited the incumbered lease was the assignee of the lessee who

had incumbered it. The assignee had not entered into any particular obligation to pay the annuity, and Lord Chancellor SUGDEN held that it was not necessary that he should have done so.

*G. Heide Norris* and *George Tucker Bispham,* for appellee.— Whatever may be the liability, to his vendor, of a vendee who has contracted to protect incumbrances created by the vendor and who then fraudulently procures a sale on a prior incumbrance, for the purpose of discharging subsequent liens, or however clear it may be that the mortgagor cannot fraudulently re-acquire title at sheriff's sale, discharged of the incumbrance he has created, it is equally clear that there can be no liability imposed when there has been no contract to protect the incumbrances or where there is no privity between the parties.

The appellees are not trustees ex maleficio: Kraft v. Smith, 117 Pa. 183; Salsbury v. Black, 119 Pa. 200.

No fraud being alleged, the appellees, as previous holders of the title, could purchase the property at sheriff's sale, freed and discharged of all incumbrances: Rauch v. Dech, 116 Pa. 157; Rushton v. Lippincott, 119 Pa. 12, overruling Cleary v. Kennedy, 16 W. N. 313.

In Rawle on Covenants for Title, secs. 242, 243, the distinction is shown clearly to be that the purchaser is estopped by virtue of the covenants in his deed or grant, to the party whose title is sought to be cut out.

The report of Good v. Schoener, 10 Leg. Int. 151, shows that the purchaser at sheriff's sale, who was a judgment creditor, had entered into a contract in writing with the owner, that he would convey back upon payment of the judgment.

Taylor v. Smith, 2 Whart. 432, was the case of a suit by a vendor against his vendee who had executed an agreement, contemporaneous with the deed, by which he bound himself to pay the vendor the balance of the purchase money after paying all the judgments. The property was sold by the sheriff upon a judgment against a former owner and bought in by the defendant, whereupon the court held that he was bound, by his contract, to pay off the judgments in the first instance.

Woodburn v. Bank, 5 W. & S., 447, was the case of unseated land encumbered by a judgment, which the debtor permitted

to be sold for taxes and then purchased at the sale, through another, for his own use. It was held that the sale gave no title as against a purchaser at sheriff's sale under the judgment, the only outsider in the transaction being the agent of the debtor who purchased at the tax sale for him.

Appellant, being a mortgagee, cannot recover from the appellee by virtue of the "under and subject" clause in their deed from the mortgagor : Taylor v. Mayer, 93 Pa. 42. It is to be observed that he alleges that the first deed was expressly subject to both mortgages, but although he gives a description of the property in his bill, no copy of the deed is given for the court to pass upon.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895 :

We do not think that the rulings in Rauch v. Dech, 116 Pa. 157, and Rushton v. Lippincott, 119 Pa. 12, control the decision of this case. In both of those cases the purchaser at the judicial sale was a total stranger to the title and under no obligation to protect the title against any incumbrances. He therefore took the lands divested of the liens which were sought to be enforced, and when he subsequently conveyed to the former owner the purchaser took the same title which he held. In this case the allegation of the bill is that Martin bought the property from Groome and wife, subject, in express terms, to both the mortgages described in the bill, one of which is the mortgage of the plaintiff's assignor. It is true that Martin was not the original mortgagor, but he was the grantee of the title of that person, and it must be assumed that the purchase money which he agreed to pay and in consideration of which he obtained the title, was, in part at least, secured by the very mortgage which he now claims to be discharged because there was a sale under the prior mortgage, which also he agreed to pay. The case looks now more like the line of cases of which Taylor v. Smith, 2 Wharton, 432, and Woodburn v. The Bank, 5 W. & S. 447, are examples, in both of which the purchaser's title was held to be subject to the prior liens.

Nor are we willing to say conclusively, at this stage of the pleadings, that no force is to be given to the other facts stated in the bill, as indicia of an improper purpose to use the sale under the first mortgage, as a means of divesting the lien of the

second mortgage, which the purchaser Martin had, according to the bill, expressly agreed to pay. While we will not now review those facts, as we do not wish to prejudge the case, we are of opinion that they would be admissible in evidence, and be entitled to consideration, in support of the charge of a combination between Martin and the other defendants to destroy the lien of the plaintiff's mortgage.

The case comes before us only upon a demurrer to the bill which necessarily admits the truth of the facts stated in the bill. We think the case should be heard upon its merits and that there is a sufficient averment of facts in the bill to entitle it to be heard. We will therefore overrule the demurrer and direct the defendants to answer over.

The judgment of the court below is reversed, the demurrer of the defendants is overruled, the bill is re-instated and the defendants are directed to answer over, and the record is remitted, the costs of this appeal to be paid by the defendants.