# Freeman, Appellant, *v.* Lafferty.

*Trusts and trustees—Resulting trust—Mortgage—Act of April 22, 1856.*

Where the owner of a mortgage purchases the mortgaged premises at sheriff's sale, and immediately thereafter promises the person liable on the bond accompanying the mortgage, to sell the property at private sale if no attempt should be made to set aside the sheriff's sale, and deduct only what was actually invested in the mortgage, such a promise is merely an agreement to hold title to the land for the benefit of another, and cannot be enforced after the expiration of five years from its date.

*Equity—Proceedings at law—Judgment—Opening judgment.*

While a plaintiff can abandon a proceeding at law before final judgment and go to the equity side of the court, and file his bill, and will not be barred in equity, by the mere fact of having instituted proceedings at law, he must abandon his proceedings at law before he can prosecute his proceedings in equity.

Where the defendant in a judgment has secured a rule to open the judgment, and the rule has been argued and held under advisement, the defendant cannot, without discontinuing the proceedings under the rule, file a bill on the equity side of the court for the same relief.

Argued Jan. 29, 1903. Appeal, No. 319, Jan. T., 1902, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1896,

No. 567, sustaining demurrer to bill in equity, in case of John S. Freeman v. Marguerite Lafferty, Assignee of Marie Mellerio, Samuel Chubb and George A. Aldrich.    Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Bill in equity to cancel a judgment.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*John Houston Merrill,* with him *S. Morris Waln,* for appellant.—It is submitted that the error of the court consisted in failing to distinguish between agreements raising implied trusts, all of which involve the assertion of an interest in land, and agreements limiting the operation and effect of judgments which do not depend for their validity upon any equitable rights of the judgment debtor in the land: Hoeveler v. Mugele, 66 Pa. 348 ; Lane v. Smith, 103 Pa. 415 ; Myerstown Bank v. Roessler, 186 Pa. 431; Schweyer v. Walbert, 190 Pa. 334; Abbott's Est., 198 Pa. 493.

The learned court below erred, also, first, in assuming that an implied trust in land could arise out of a parol agreement made after title taken; and second, in failing to observe that the relief prayed for by the plaintiff's bill in equity, if granted, would have been entirely inadequate to establish such an implied trust: Kraft v. Smith, 117 Pa. 183.

*Thomas D. McGlathery,* for appellees.—It is admitted that this was a parol agreement, and being in relation to land, is clearly within the statute of frauds.    If the appellant sustained any damages by reason of his agreement with the attorney of Lafferty, he has his remedy by action against the attorney for damages: Fox v. Heffner, 1 W. & S. 372 ; Jackman v. Ringland, 4 W. & S. 149 ; Kellum v. Smith, 33 Pa. 158 ; Barnet v. Dougherty, 32 Pa. 371 ; Phillips v. Hull, 101 Pa. 567 ; Shaffner v. Shaffner, 145 Pa. 163.

The appellees claim that the appellant had, prior to the filing of his bill by applying to have the judgment opened, selected his remedy, and for that reason his bill should be dismissed : Haneman v. Pile, 161 Pa. 599 ; Ahl v. Goodhart, 161 Pa. 455 ;

Findlay v. Keim, 62 Pa. 112; Penna. Co. v. Phila. Nat. Bank, 14 Pa. C. C. Rep. 193; Warner v. Hopkins, 111 Pa. 328; Wilson v. Buchanan, 170 Pa. 14; Swanger v. Snyder, 50 Pa. 218; Gemmill v. Butler, 4 Pa. 232.

OPINION BY MR. JUSTICE DEAN, October 12, 1903:

On December 26, 1886, the plaintiff, John S. Freeman, bought a property in Philadelphia for $4,000 and borrowed on the same day from Marie Mellerio $3,000, for which he gave her his bond secured by mortgage upon the property purchased; on January 26, 1887, he sold and conveyed the property to Kate A. Gardner for $1,500 subject to the mortgage; soon after he notified the counsel of Marie Mellerio, to collect the mortgage when it became due, otherwise he would seek relief from payment of the bond; she took no steps to collect, but in 1896 assigned the mortgage to Marguerite Lafferty, who issued sci. fa. upon it and took judgment October 24, 1896, for $3,287, issued execution and bought the property at sheriff's sale for $50.00; she then entered judgment on the bond but did not at the time have her damages assessed on the judgment.

The plaintiff did not personally attend the sheriff's sale to protect his interests, but admits he knew of the sale and that the property was worth more than the amount of the mortgage; he says that he sent an assistant in his office to represent him, who, when he returned, reported that the property had been so quickly knocked down at the bid of Marguerite Lafferty for $50.00 that he had not time to bid, but that he notified her attorney that he would have the sale set aside because of the improper conduct of the crier; that the attorney for Marguerite Lafferty then agreed with him that if he would not do so she would resell the property at private sale for its actual value and would then release Freeman, the plaintiff, from liability on the bond, but in case the sale would not bring the amount of her investment, $3,500, she would then demand the difference. Plaintiff then made no attempt to have the sale set aside. That afterwards, Marguerite Lafferty assigned the judgment to Samuel Chubb in pursuance of an agreement and combination between Chubb, Lafferty and Aldrich, the three defendants, to wrong plaintiff, as follows: Plaintiff had, in another transaction, obtained a judgment against

Aldrich for $1,250, had taken an exemplification of the record to New Jersey and was about to collect it; the three defendants then agreed between themselves that Chubb should buy from Lafferty for a nominal consideration, to be paid by Aldrich, the judgment which Lafferty held against plaintiff on the mortgage bond, but Aldrich was to be the real owner of the judgment and by using it against plaintiff could deter him from proceeding on the judgment against him, Aldrich, in New Jersey. In pursuance of this arrangement the damages on the judgment which had been entered against Freeman by Lafferty in December, 1896, were in August, 1901, assessed at $4,050.50, which judgment was marked by the attorney of record to the use of Marguerite Lafferty and then to the use of Chubb, who issued attachment upon it against Aldrich, thereby seeking to defeat plaintiff's judgment against Aldrich. The plaintiff then applied to the court to have the judgment of Mellerio to the use of Lafferty then to the use of Chubb against him opened; while this proceeding was pending he, on January 11, 1902, filed this bill, covering the same facts as those we have narrated, and as set out in his petition to open the judgment. The prayers for relief are:

1. That the judgment on the bond against Freeman which the mortgage was given to secure be declared null and void.

2. That defendants be enjoined from proceeding to collect it, and that they be required to satisfy it.

3. Defendants filed demurrer based on nine specific grounds. We cannot tell whether the learned judge of the court below sustained but one or all of them; the record says, " Demurrer sustained." We know he must have sustained at least one, otherwise he could not have dismissed the bill; but we cannot grope further into his mind for he filed no opinion. We will not undertake to pass on the conflicting assertions of counsel as to what he said orally from the bench were his reasons; these reasons must forever remain unknown to us for on review we can only go by the record.

We think on the evidence before us, the demurrer must be sustained for two of the reasons specified in it, the fourth and fifth. The fourth avers that the bill is in direct contravention of the statute of frauds of the 22d of April, 1856, " That no right of entry shall accrue or action be maintained . . . . to

enforce any implied or resulting trust as to realty but within five years after such contract was made or after such equity or trust accrued . . . . unless such trust shall have been acknowledged in writing." Take the averments of the bill as strictly true, what do they show? That the attorney of the purchaser after the property had been knocked down to his client, promised the attorney of plaintiff, that if he would not attempt to set the sale aside, the purchaser would sell the property at private sale for its actual worth and deduct only what she had invested and credit the plaintiff on the judgment on the bond with the excess. The sheriff's sale was made on the first Monday of December, 1896. In his bill plaintiff avers that the agreement was made " at once " after the sale ; take this as the correct averment, it nevertheless is after the sale ; the property was then Lafferty's absolutely ; she orally promised him, that she would resell the property in the future and credit him with the excess over her investment ; what was this but a promise to hold the property in trust for plaintiff until a resale should fix the amount of his interest in the property ? There was no fraud. She had made no promise to induce him to refrain from bidding that she might get the property cheaper ; he had not paid a dollar. It was a simple naked promise. On January 26, 1887, Freeman conveyed the property ; nearly ten years afterwards, December 7, 1896, the sheriff's sale was had and the promise made ; this bill was filed January 11, 1902, more than five years after that promise. Even if such a mere parol promise made after the sale could ever have been enforced, it at most created a trust, an agreement to hold the title to land for the benefit of another ; no move was made by plaintiff within the five years to compel her to carry out her promise to resell the land ; so far as the evidence shows, she is still the owner ; to determine what amount of money she shall pay on the judgment, a court of equity must compel a specific performance of the trust, that is, a resale of the land. Then we are brought face to face with the statute, which declares that except within five years no such trust shall be enforced. It does not matter that the bill asks that the judgment be declared void and defendants be restrained from collecting the judgment; that action must be based on first establishing the trust and decreeing specific performance of it by a resale of the land. See a full discus-

sion of the subject and a review of the authorities by Justice GREEN, Way v. Hooton, 156 Pa. 8.

We think that the fifth ground of demurrer should also be sustained. Appellant first presented his petition in the court below averring substantially the same facts as averred in this bill; the court below granted a rule to open judgment and let him into a defense; the rule was awarded August 31, 1901; while it was pending and undetermined, appellant on January 11, 1902, filed his bill; the court seems to have proceeded with a hearing on the rule, and on January 23, 1902, marked the case as under consideration; appellant then leaving that case pending, proceeded to decree on his bill, then took this appeal. While we are clear that on the authorities the plaintiff can abandon a proceeding at law before final judgment, go to the equity side of the court and file his bill, that is, he will not be barred in equity by the mere fact of having instituted proceedings at law, yet it is such a vicious practice to take up both sides of the court at the same time with the same case, that we have no hesitation in holding, he must abandon one proceeding before he can prosecute the other. This is the substance of the decisions in Findlay v. Keim, 62 Pa. 112, and Penna. Co. v. Phila. Nat. Bank, 14 Pa. C. C. Rep. 193. Here appellant did not discontinue the proceeding on his rule to show cause; he has been heard on the law side of the court and the court holds the decision under advisement. We think the pendency of that case in that condition was good cause for demurrer.

This disposes of the issue and renders it unnecessary to pass on the questions raised by the alleged combination to collect judgment. If the judgment be valid and unpaid, Lafferty can concert with others by lawful means to collect it.

The decree of the court below is affirmed.