No. 2824                   Northern                   Essex, ss.

BISHOP                                        (T. A. O'Leary)
v. McPHERSON                          (Arthur A. Thomson)

From the District Court of Southern Essex—Kiley, J.

Argued March 11, 1941—Opinion Filed September 23, 1941

HENCHEY, J. (Pettingell, A.P.J., & Wilson, J.)—In this action of tort the plaintiff seeks to recover damages for the death of his valuable, trained, Beagle Hound dog caused by the negligence of the defendant in the operation of an automobile on a public highway in Lynn, Massachusetts. No question is here raised of the plaintiff's due care and the defendant's negligence and its causal connection with the plaintiff's damage.

At the trial the plaintiff was asked by his attorney: "What was the value of the dog?" He replied that its value was $200. At the appropriate time the defendant made the following request for ruling, which was denied: "A plaintiff's statement that a dog had a value of $200.00 before an accident is not sufficient evidence to warrant a finding that such dog was of a value of $200. in open market, and such statement is no evidence of damage incurred to his property."

The trial judge found for the plaintiff in the sum of $100. and in a memorandum stated that the question above mentioned meant "fair market value." The case comes here on the defendant's objection to the finding and ruling.

We fail to see any error in the action of the trial judge. The amount of damage which the plaintiff has suffered is a question of fact to be proved by the plaintiff and found by the trial judge. As a general rule, the object of our law in awarding damages is to put the plaintiff in the same position, so far as money can do it, as he would have been in had there been no injury; that is, to compensate him for the injury actually sustained. *Rockwood* v. *Allen,* 7 Mass. 254. The owner of property is allowed to testify as to its value because he is acquainted with its uses, actual or potential. *Menice* v. *Orton Crane & Shovel Co.* 285 Mass. 499. It is familiar law that the trier of fact may believe the owner's testimony in whole, in part, or not at all.

As to animals, the rule of damages was early set out in

*Atwood* v. *Boston Forwarding and Transfer Co.* 185 Mass. 557, that the owner of an animal killed by the negligence of another is entitled to damages to the amount of the value of the animal at the time of the accident. Again in an earlier case, *Green* v. *Boston and Lowell Railroad Co.* 128 Mass. 221, an action against a carrier for loss of a portrait of the plaintiff's father, the court said that the measure of damages is the actual value of the portrait to the plaintiff.

In the light of these decisions, the defendant has not been harmed by the rulings of the trial judge.

Report dismissed.