Fishel, Appellant, *v.* McDonald.

282

Argued November 9, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Daniel J. Snyder, Jr.,* with him *Carroll Caruthers,* for appellants.

*Marquis M. Smith,* with him *John M. Noel,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, January 5, 1954:

An appeal in this case to the Superior Court (*Fishel v. McDonald,* 163 Pa. Superior Ct. 251, 60 A. 2d 820) resulted in a reversal so that the plaintiff might amend. The facts are succinctly stated by Judge RENO in the opinion in that case, at page 252 as follows: "In 1928 David A. Hammond conveyed property to plaintiffs [the Fishels], husband and wife, subject to a mortgage given by Hammond to the Keystone-Westmoreland Building and Loan Association, and plaintiffs gave their mortgage to Hammond for part of the purchase price. Later in 1928 plaintiffs conveyed to defendants [the McDonalds], husband and wife, subject to the two mortgages which the grantees assumed and agreed to pay [the mortgage by Hammond to Keystone-

Westmoreland Building and Loan Association and the mortgage by the Fishels to Hammond]. In 1932 an execution was issued by the building association . . . and at the sheriff's sale the property was purchased by, and conveyed to, the execution-plaintiff [Keystone-Westmoreland Building and Loan Association]. The sale divested the lien of the second, the Hammond mortgage. In 1933 the building association conveyed the property to one of the defendants, C. Edgar McDonald. Meanwhile the Hammond mortgage had been acquired by the Secretary of Banking, as receiver of the Bloomfield Trust Company of Pittsburgh, who in 1944 entered judgment against plaintiffs upon the accompanying bond."

The averments of the bill in equity were that the defendants defaulted in the payments due under the mortgage to the building association, and fraudulently acquiesced in said sheriff's sale for the purpose of divesting said property of the lien of the second mortgage, and reacquired title to the same, free of the second mortgage, to avoid the liability which they had assumed by said deed. Other averments in the bill were that the plaintiffs were without knowledge either of the sheriff's sale or of the reconveyance of said property to C. Edgar McDonald, until about two weeks prior to the filing of the bill, to wit January 6, 1946.

The appellants here contend that the facts show that this sheriff's sale was a "wash" sale, and was made merely for the purpose of divesting the lien of the second mortgage to David S. Hammond which the defendants-appellees had assumed and agreed to pay. This is predicated principally on the contentions: (1) that the McDonalds were in default under the mortgage for only three months; (2) that the building association permitted the defendants to remain in possession of the property under a leasing arrangement; and (3) ap-

proximately two years after the sheriff's sale a conveyance was made to the defendant, C. Edgar McDonald, with a mortgage given for a portion of the purchase price.

But the argument of the appellants is one that could be directed only to the chancellor. In effect the contention is that this Court should substitute its findings for the findings of the court below,—which of course cannot be done. Both defendants testified that they had not made any arrangement with the building association to procure the foreclosure. The building association in the meantime had been dissolved, but its attorney, who was familiar with all its transactions, testified that no arrangement had been made with the defendants to foreclose the mortgage.

This raised an issue of fact for the chancellor. The chancellor's findings, inter alia, were: (1) that the defendants did not enter into any agreement with the building and loan association whereby they would default, the association would issue execution and bid the property in, divested of the mortgage given by David S. Hammond, and then reconvey the premises to the McDonalds; (2) the defendants did not enter into any agreement with the building and loan association whereby they intentionally defaulted on its mortgage; (3) the building and loan association did nothing which would lead the defendants to expect that an execution would be issued by it and the lien of the second mortgage divested, and the property reconveyed to the defendants free of the second mortgage; (4) the defendants did not actively conceal from the plaintiffs the fact of the sheriff's sale and the reconveyance, and did not represent to the plaintiffs that the first mortgage was being reduced and paid; (5) the defendants did not default on the original mortgage and acquiesce in the sheriff's sale fraudulently for the purpose of

divesting said property of the lien of the second mortgage, and reacquiring title to the same freed of such lien; (6) the defendants did not intentionally default under the first mortgage for the purpose of avoiding their obligation under the second mortgage which they had assumed.

It will thus be seen that the findings of the chancellor, approved by the court en banc, were that no fraud was committed; which findings have evidence to support them.

The appellants cite *Clarence Kennedy, Assignee, etc. v. Beauveau Borie,* 166 Pa. 360, 31 A. 98, and *Bowen v. A. R. Boyd Enterprises, Inc.,* 326 Pa. 385, 191 A. 137. But in the *Kennedy* case the chancellor found as a fact that the transaction was fraudulently conceived and carried out. In the *Bowen* case this Court affirmed the lower court in these words, at page 389: "The court [below] has found no evidence prior to the sheriff's sale of any negotiations between the parties in interest 'whereby the first mortgage was to be foreclosed for the purpose of discharging the lien of complainant's mortgage or whereby any assurances were given that respondent would be given the opportunity to repurchase the property.' These findings of the Chancellor, sustained as they are by the evidence and confirmed by the court in banc, have the effect of a jury's verdict and are binding upon us: [citing cases]." It is therefore apparent that this case must be affirmed, and it becomes unnecessary to determine the questions of the plaintiffs being guilty of laches, or the applicability of the statute of limitations.

Decree affirmed at the cost of the appellants.