New York Life Insurance Company *v.* Brandwene et ux., Appellants.

Argued April 10, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*R. L. Levy,* with him *J. Julius Levy,* for appellants.— A plaintiff seeking to rescind a contract of life insurance upon the ground of fraud is held to the same measure of proof as is any litigant who seeks to avoid a contract of any character for this reason: Phipps v. Buckman, 30 Pa. 401; Sulkin v. Gilbert, 218 Pa. 255; Wilson v. Oil Co., 275 Pa. 359.

Concealment on a material point is not enough to overthrow the contract unless the further fact is established that the concealment was the means which caused the company to enter into the contract: Lakeside Forge Co. v. Oil Co., 265 Pa. 528; Kuhns v. Ins. Co., 297 Pa. 418; Sulkin v. Gilbert, 218 Pa. 255.

Representations as distinguished from warranties which are untruthful cannot avoid a policy unless the

false representations are both material and made with intent to defraud: Livingood v. Ins. Co., 287 Pa. 128.

*Clarence Balentine,* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellee.—(Hon. D. M. LARRABEE appeared for appellee until elected to be the judge of C. P. Lycoming County.) It was not necessary for plaintiff to call a witness to prove that it would not have issued the contract of insurance if it had known the facts proved in this case: Arnold v. Ins. Co., 20 Pa. Superior Ct. 61; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; U. B. Mutual Aid Society v. O'Hara, 120 Pa. 256; Lutz v. Ins. Co., 186 Pa. 527; Rigby v. Ins. Co., 240 Pa. 332; Timlin v. American Patriots, 249 Pa. 465; McEntee v. Ins. Co., 79 Pa. Superior Ct. 457.

OPINION BY MR. JUSTICE DREW, May 21, 1934:

The plaintiff insurance company seeks by this bill in equity to rescind a contract of life insurance with disability benefits, entered into between it and the defendant Harry Brandwene, under which the defendant Rose Brandwene, wife of the insured, is beneficiary. The bill alleges that the policy was procured by fraud and misrepresentation on the part of the insured, and prays that the policy be declared void and that the defendants be ordered to deliver it to the plaintiff for cancellation upon receipt of the amount of premiums paid, with interest. After a hearing, the learned chancellor entered a decree nisi in accordance with the prayers of the bill, which decree the court below later made absolute. Defendants appealed.

Fraud is, of course, a familiar source of equity jurisdiction,* and it is well settled that one who has been in-

---

* The jurisdiction exercised by courts of chancery on the ground of fraud was expressly bestowed upon the courts of common pleas by the Act of June 13, 1840, P. L. 666, section 39, as extended by the Act of February 14, 1857, P. L. 39; see Custis v. Serrill, 303 Pa. 267; Leahey v. Leahey, 309 Pa. 347; Clauer v. Clauer, 22 Pa. Superior Ct. 395.

duced to enter into a formal contract by the fraud of the other party may in a proper case secure the assistance of a court of equity, which will order the fraudulent party to surrender for cancellation the instrument evidencing the contract: Sutton v. Morgan, 158 Pa. 204; Am. Union Life Ins. Co. v. Judge, 191 Pa. 484; Wagner v. Fehr, 211 Pa. 435; DeCosta v. Scandret, 2 P. Wms. 170; Phœnix Ins. Co. v. Bailey, 13 Wall. (U. S.) 616; see Black, Rescission and Cancellation (2d edition), sections 476, 643. Thus, where the execution of a contract of insurance has been induced by fraudulent misrepresentations of the insured, the insurer may secure its cancellation: Am. Union Life Ins. Co. v. Judge, supra; DeCosta v. Scandret, supra; Mut. Life Ins. Co. of N. Y. v. Rose, 294 Fed. 122; Jefferson Standard Life Ins. Co. v. McIntyre, 294 Fed. 886; N. Y. Life Ins. Co. v. Sisson, 19 F. (2d) 410 (W. D. Pa.); Metropolitan Life Ins. Co. v. Freedman, 159 Mich. 114, 32 L. R. A. (N. S.) 298; Pac. Mut. Life Ins. Co. v. Glaser, 245 Mo. 377, 45 L. R. A. (N. S.) 222; Travelers Ins. Co. v. Pomerantz, 246 N. Y. 63; Home Life Ins. Co. v. Zuribowitz, 87 Atl. (R. I.) 25; see Phœnix Ins. Co. v. Bailey, supra; Am. Trust Co. v. Life Ins. Co. of Va., 173 N. C. 558; Couch, Insurance, section 1412. The burden of proving the fraud is, of course, upon the party who alleges it (Livingood v. N. Y. Life Ins. Co., 287 Pa. 128; Kuhns v. N. Y. Life Ins. Co., 297 Pa. 418; Campdon v. Continental Assurance Co., 305 Pa. 253), and it must be established by clear and satisfactory evidence: Suravitz v. Prudential Ins. Co., 261 Pa. 390; Pusic v. Salak, 261 Pa. 512; Campdon v. Continental Assurance Co., supra; McCreary v. Edwards, 113 Pa. Superior Ct. 151. These principles cannot be disputed, but, appellants argue, the evidence does not support a finding that the alleged representations were made fraudulently, or that the plaintiff relied upon them in issuing its policy.

The defendant Harry Brandwene applied for the policy which is the subject of this suit on October 28, 1929.

He certified, in his application, to the correctness of his answers to the examining physician, and stipulated that the company might rely on them to be true. In the application, Brandwene stated, in reply to questions, that he had not, in the preceding five years, consulted a physician for any ailment, except "Dr. C. L. Mattas, in the year 1926 for cold in head." This answer was so false that it could hardly have been more so. As a matter of fact, Brandwene had consulted Dr. Mattas in the two years preceding the making of his application at least five times for various ailments, including arthritis and inflammation of the muscles, and had at various times in the five-year period been treated by other physicians for more serious illnesses. In 1925, he was confined to his home with influenza; during this illness, he was attended by a Dr. Wormser and required the services of a nurse. This illness lasted from April 25th to May 23d, and he subsequently claimed and received disability benefits for this period from an insurance company. Later in the same year, he entered a hospital for a week and had his tonsils removed by a Dr. Bishop; as a result he was unable to work for about two and a half weeks, and for the time thus lost he also received disability benefits. Again, in 1928, he was sick in bed at home with influenza from February 10th to February 20th; during this period, he was treated by a Dr. Morris. On account of his illness, he claimed and received, upon another insurance policy, benefits for total disability during a period of almost five weeks. In March, 1931, within the two-year period in which the policy could be contested, Brandwene applied to plaintiff for benefits for permanent total disability caused by an enlargement of the heart. The plaintiff's investigation of the claim disclosed the above facts, indicating that Brandwene's statements in his application for the insurance policy had been false, whereupon it tendered back the amount paid as premiums and attempted to rescind the policy. Brandwene refused, and this suit followed.

It is conceded by defendants that under our decisions (Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332; Livingood v. N. Y. Life Ins. Co., supra; Koppleman v. Commercial Cas. Ins. Co., 302 Pa. 106; Applebaum v. Empire State Life Assurance Society, 311 Pa. 221), such inaccurate statements in an application for a life insurance policy, as to the employment of other physicians than those named, are to be deemed material representations. Even if this concession were not made, the facts of this case would present no room for an argument to the contrary. The illnesses for which Brandwene consulted other physicians were not trivial, and the plaintiff was entitled to know of them. While it may be that plaintiff would not have refused to insure Brandwene because of these illnesses, certainly it is not improbable that had it known of them the company would have rejected his application for insurance. The facts as to the applicant's more serious illnesses were, therefore, matters material to the risk, of which the company should have been informed.

However, defendants contend the false answers were given by inadvertence. This argument imposes too heavy a burden on human credulity. The learned chancellor found that the untruthful statements were made deliberately, and we do not see how he could have done otherwise. We cannot believe that when Brandwene signed the application for insurance he had forgotten that three times in the previous five years he had suffered periods of total disability: once as a result of an operation in a hospital and twice as a result of attacks of influenza which confined him on each occasion to his home for over a month. Moreover, he must have been aware that he had consulted Dr. Mattas many more times than he said he had. In failing to disclose these material facts Brandwene did not deal fairly with the company; there is no room for any other conclusion than that his statement in the application that he had consulted a doctor

only once in the past five years, and that for a cold in the head, was deliberately false and fraudulent.

No testimony was produced by the defendants to show that plaintiff did not rely upon the falsehood in the application. Invoking the rule that a misrepresentation, to be sufficient ground for rescission of a contract, must be relied upon by the other party (Lakeside Forge Co. v. Freedom Oil Works Co., 265 Pa. 528; Kuhns v. N. Y. Life Ins. Co., supra), defendants contend that they are entitled to a decree in their favor because plaintiff did not produce any affirmative testimony that it relied upon the falsehood in the application in executing the policy. On the other hand, defendants produced no evidence to show that plaintiff did not place such reliance upon the untruthful statement in the application. The decree in favor of the plaintiff was, therefore, properly entered, for, since the making of material misrepresentations was proved, it will be presumed, in the absence of facts to show the contrary, that the contract was made in reliance thereon: March v. Metropolitan Life Ins. Co., 186 Pa. 629; Rigby v. Metropolitan Life Ins. Co., supra; Moncur v. Western Life Indemnity Co., 269 Pa. 213; Applebaum v. Empire State Life Assurance Society, supra; see Restatement, Contracts, section 479; Pomeroy, Eq. Jur. (4th edition), section 891; Black, Rescission and Cancellation (2d edition), section 677. This is the necessary rationale of these cases, for in each of them the company, having proved material misrepresentations, but not having offered any testimony that it had relied upon them, was held entitled to binding instructions, the plaintiff not having produced evidence that the misrepresentations were not relied upon.

The decree of the court below is affirmed; costs to be paid by appellants.