## Lengyel Appeal

*George A. Shutack, Marianne S. Lavelle* and *John P. Lavelle,* for appellant.

*Robert H. Jordan,* for Commonwealth.

HEIMBACH, P. J., December 15, 1961.—This is an appeal by Mary Lengyel from a decision of the Pennsylvania Liquor Control Board dated November 17, 1961, refusing the transfer to her of restaurant liquor license no. R 6844 by Anna Koran, the present licensee, for the following reason:

"1. The applicant will not be the only person who will have a pecuniary interest in the business proposed to be licensed in her name, it being apparent that her husband, George Lengyel, will have an interest therein."

The hearing before this court was de novo and at the hearing counsel for the Pennsylvania Liquor Control Board and counsel for appellant agreed by stipulation that the notes of testimony taken before the Pennsylvania Liquor Control Board examiner on October 6, 1961, should become a part of the instant record. It likewise was stipulated that the only reason for the refusal of the transfer of the license to appellant was the reason set forth supra. Whereupon appellee rested.

The sole question, therefore, that we are called upon to answer is whether or not Mary Lengyel will be the only person in any way pecuniarily interested in the operation of the licensed business.

Section 404 of the Liquor Code of April 12, 1951, P. L. 90, as amended, August 25, 1959 P. L. 746, sec. 1, and November 19, 1959 P. L. 1550, sec. 1, 47 PS §4-404, provides:

"Upon receipt of the application, the proper fees and bond, and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted, . . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, . . ."

The testimony taken before the examiner, and by stipulation a part of the instant record, discloses that appellant resides with her husband, George Lengyel, at 115-17 West Catawissa Street, Nesquehoning, Pa. With them lives her mother-in-law and children. George Lengyel, her husband, operates a gasoline service station known as Lengyel's Service Station in Nesquehoning and works there full time. The purchase price for the restaurant liquor license business, including the license, was $6,000, cash. The purchase price of the real estate was $14,000, to be secured by a purchase money mortgage. Title to the real estate is to be taken in the name of appellant alone. To raise the required $6,000, cash, appellant and her husband realized $3,909 on a mortgage on their own residence, owned by the entireties; a further sum of $1,309.19 was loaned to appellant by her brother-in-law and secured by her own judgment note in that amount; the additional amount was made up by sale of stock belonging to the children and by sale of stocks belonging to appellant and her husband, George Lengyel. The total sum realized, viz., $6,000, was deposited in escrow with the seller's attorney, George Shutack, Esq.

Appellant testified:

1. the money from the husband was being given to her and that she alone would operate the business;

2. that she was experienced, having worked in a factory and bakery shop, as well as a variety store;

3. that she does not contemplate any help in the operation of the business from her husband;

4. that her mother-in-law, who resides with them, will look after the family needs;

5. that the profits from the business will be used to liquidate the loans.

At the hearing before the court, appellant further testified that the moneys received from her husband were loaned to her by her husband and she secured the loan by her own judgment note; that in addition she borrowed $402.23 from her mother-in-law and secured that loan by her own judgment note. She further testified that she solely would be in control of the business and her husband will have no interest in such business in any form whatsoever. Appellant admitted that, on advice of counsel and subsequent to the hearing before the examiner, the money received from her husband was to be a loan rather than a gift.

In re Appeal of Kanabroski, 32 Luz. 259, where the only objection to the granting of a license to the present applicant was the charge that the applicant was not a bona fide proprietor of the establishment and that the present licensee was still pecuniarily interested in the business, the court said, at page 260:

"This is equivalent to a charge of fraud, and the burden of proving the fraud is upon the party who alleges it and it must be established by clear and satisfactory evidence: New York Life Ins. Co. v. Brandwene et ux., 316 Pa. 218."

We adopt the foregoing statement as our own. There has not been one iota of evidence presented that would show that any one other than appellant would be pe-

cuniarily interested in the business, either now or during the continuance of the business. Whether appellant's husband loaned her the money or gave her the money makes no difference. It does not follow that such gift or loan establishes a pecuniary interest as contemplated by the Liquor Code. Of course, it usually follows that every husband and wife has a pecuniary interest in the results of the other's financial activity, as do their children, but to hold because of such interest all would have to be applicants would lead to absurd results.

We adopt the language of Judge Cottom in Appeal of De Michelis, 11 Fayette 80, at 82:

" 'The legislature does not intend a result that is absurd, impossible of execution or unreasonable;' Statutory Construction Act of May 28, 1937, P. L. 1019, Section 52.

"The Beverage License Act does not define pecuniary interest [neither does the Liquor Code]. In an appeal of Employees Home Association of Harrisburg, 50 Dauphin 108, 111, Judge Wickersham, refers to offending interest as 'a proprietory interest.' We believe this reference throws some light on the proper interpretation of the term and conclude that the interest to offend the statute must at least sound in the attributes of proprietorship."

Likewise see Donaldson License, 85 D. & C. 537.

The evidence does not support the finding that the applicant will not be the only person who will have a pecuniary interest in the business proposed to be licensed in her name, it being apparent that her husband, George Lengyel, will have an interest therein.

Upon the evidence the court makes the following

## Findings of Fact

1. That Mary Lengyel will be the only person who will have a pecuniary interest in the business proposed to be licensed in her name.

2. That appellant's husband, George Lengyel, will have no pecuniary interest in the business proposed to be licensed in the name of Mary Lengyel.

This appeal must be sustained and the decision of the board refusing to transfer such license no. R 6844 to appellant is reversed.

Wherefore, we make the following

### Order

And now, December 15, 1961, the appeal of Mary Lengyel is sustained and the order of the Pennsylvania Liquor Control Board dated November 17, 1961, refusing to transfer restaurant license no. R 6844 for premises numbered 33 West Catawissa Street, in the Township of Mauch Chunk and County of Carbon, to Mary Lengyel, is reversed and the board is directed to transfer such license to said Mary Lengyel upon her paying the proper fees and furnishing the required bond, according to law.