361 A.2d 711

**SAFEGUARD MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**Martha HUGGINS.**

Superior Court of Pennsylvania.

June 28, 1976.

Malcolm H. Waldron, Jr., Philadelphia, for appellant.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court committed reversible error when it sustained appellee's preliminary objections to its complaint in equity.

Appellant, the Safeguard Mutual Insurance Company, commenced this suit in equity seeking to cancel and rescind the insurance policy issued to the appellee, Martha Huggins. The following facts are alleged in the appellant's complaint: On May 29, 1975, the appellee applied for a motor vehicle insurance policy for a 1973 Chevrolet Vega. In her application, filed with the appellant's agent, First Peoples Insurance Agency, appellee made the following material representations: (1) that she lived at 729 N. 46th Street, Philadelphia; (2) that she was the sole owner of the Vega; and (3) that she was the sole driver of the Vega. In reliance upon these material representations, appellant issued the requested policy. Appellant subsequently discovered that these representations were false and fraudulently made.

Appellee filed preliminary objections averring that the appellant's complaint in equity failed to state a cause of action and that the appellant had an adequate remedy at law. The lower court sustained appellee's preliminary objections, and this appeal followed.

██ ██ The Act of June 13, 1840, P.L. 666, § 39; 17 P.S. § 286, confers jurisdiction over fraud to courts of equity: "The equity jurisdiction * * * of the court of common pleas for said county [Philadelphia] shall be extended to all cases arising in said city and county over which courts of chancery entertain jurisdiction on the grounds of fraud, accident, mistake or account." The Act of February 14, 1857, P.L. 39, § 1; 17 P.S. § 283, extends this jurisdiction to the courts of common pleas of the counties of Pennsylvania: "The courts of common pleas of the several counties of this commonwealth, in addition to the powers and jurisdictions heretofore possessed and exercised, shall have the same chancery powers and jurisdictions which are now by law vested in the court of common pleas or district court of the city and county of Philadelphia. . . ." [1]

Having determined that equity courts are competent to exercise jurisdiction over cases of fraud, we must determine whether the appellant properly stated a cause of action in its complaint. In this regard, *New York Life Insurance Company v. Brandwene*, 316 Pa. 218, 172 A. 669 (1934), is controlling. In *Brandwene*, the plaintiff-insurance company instituted suit in equity to cancel and rescind a contract of life insurance. The Court stated that "[f]raud is, of course, a familiar source of equity jurisdiction, and it is well-settled that one who has been

---

1. Section 283 further provides that ". . . in all cases an appeal may be taken to the supreme court from the final decrees of the said courts respectively, in suits and proceedings in equity. . . ." Rule 73 of the Supreme Court Rules now provides that "[t]he exclusive jurisdiction of this Court in all appeals from final decrees of the Courts of Common Pleas in all actions and proceedings in equity is hereby suspended. All appeals from final decrees of the Courts of Common Pleas in all actions and proceedings in equity heretofore within the exclusive jurisdiction of this Court shall be within the exclusive jurisdiction of the Superior Court. Final orders of the Superior Court in any equity appeal may be reviewed by this Court upon allowance of appeal by any two justices of this Court upon petition of any party to the matter." This rule became effective April 7, 1975.

induced to enter into a formal contract by the fraud of the other party may in a proper case secure the assistance of a court of equity, which will order the fraudulent party to surrender for cancellation the instrument evidencing the contract . . . Thus, where the execution of a contract of insurance has been induced by fraudulent misrepresentation of the insured, the insurer may secure its cancellation. . . ." *New York Life Insurance Company v. Brandwene,* supra at 220–21, 172 A. at 670. (Citations omitted). (Footnote omitted). Accord, *Equitable Life Assurance Society of the United States v. McCausland,* 331 Pa. 107, 200 A. 85 (1938). See generally, 13 P.L.E. Equity § 4.

In the instant case, the appellant alleges that the fraudulent representations made by the appellee were material to issuing the policy of insurance and accepting the risks upon which the policy was based. Because the appellant stated a proper cause of action in its complaint, the lower court erred in sustaining the appellee's preliminary objections.

Order reversed.