# Commonwealth v. Penner

*William D. Miller, Assistant Attorney General,* for plaintiff.

*William K. Eckel,* for defendants.

COFFROTH, *P.J.,* November 28, 1977—This case is here on defendants' preliminary objections to the complaint in equity filed by plaintiff, Pennsylvania Department of Transportation, to compel defendants to return to plaintiff a vehicle certificate of title alleged to have been erroneously issued to them by plaintiff. Defendants are Mary Penner, Ellis Penner and Linda Rafferty.

The complaint avers that: in 1973, plaintiff had issued to Larry D. Penner and Ellis D. Penner (a defendant) a certificate of title for a licensed vehi-

cle trailer; Larry D. Penner died in 1975, survived by his widow Debra Penner (not a party to the action); in 1976, defendant Ellis D. Penner and defendant Mary Penner applied for and received from plaintiff a certificate of title for said vehicle in their two names; later in 1976, the three defendants, Ellis and Mary Penner and Linda Rafferty, made application to plaintiff to add the name of defendant Linda Rafferty to the title certificate, and such a corrected certificate was issued to the three defendants; the last mentioned two title certificates were issued by plaintiff department without knowledge that Larry Penner, deceased, was survived by his wife Debra Penner whose counsel in January, 1977, notified plaintiff of her interest in the vehicle and that she never authorized its transfer; plaintiff has requested that defendants return the certificate of title erroneously issued in their names, and defendants failed and refused to do so; and plaintiff therefore brings this equity action, having no adequate remedy at law.

Defendants raise the following preliminary objections:

(1) A demurrer.

(2) Plaintiff lacks capacity to sue, not being the real party in interest who is Debra Penner, widow of Larry D. Penner, deceased.

(3) Plaintiff has failed to exhaust statutory remedies provided in the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §101 et seq., which are an adequate remedy.

We shall consider the objections under separate headings.

## DEMURRER

The preliminary objections fail to state the specific ground for demurrer. Pa.R.C.P. 1028(a) pro-

vides that: "Preliminary objections shall state specifically the grounds relied upon." The mere statement that the facts alleged do not state a cause of action is insufficient pleading; a demurrer should state the specific deficiency alleged to exist in the challenged pleading: Spickler v. Lombardo, 32 Somerset 16, 18 (1976). Otherwise, no one but the pleader knows what to expect, which violates the primary rule that a pleading should communicate to the opponent and to the court what is at issue: Pittman v. Trent, 30 Somerset 283 (1975). Therefore, this demurrer is defective for want of specificity. Since, however, plaintiff has not raised this issue, we will not deny the demurrer on that ground. See Pittsburgh National Bank v. Garrity, 31 Somerset 333 (1976).

. We find from defendants' brief and argument that the basis for the demurrer is the contention that the pleaded facts state no cause of action within equity jurisdiction. It is argued that in Pennsylvania equity jurisdiction is confined to that specified in statute, as held in Armstrong School Dist. v. Armstrong Education Asso., 5 Pa. Commonwealth Ct. 387, 291 A. 2d 125 (1972), and that no statute covers the claim here pleaded. We agree with plaintiff's counsel that the foundation of this cause of action is the restitution of a pre-existing status quo affecting property rights and public records, made necessary by reason of fraud or mistake. Equity has jurisdiction in such cases under section 39 of the Act of June 13, 1840, P.L. 666, 17 P.S. §286, section 3 of the Act of April 16, 1845, P.L. 542, 17 P.S. §289, and section 1 of the Act of February 14, 1857, P.L. 39, 17 P.S. §283, which extend chancery jurisdiction to the common pleas courts in cases involving fraud, accident or mistake. See Smith v. Capital Bank & Tr. Co., 325 Pa. 369, 372,

191 Atl. 124 (1937); Radnor B. & L. Asso. v. Scott, 277 Pa. 56, 60, 120 Atl. 804 (1923); Safeguard Mutual Ins. Co. v. Huggins, 241 Pa. Superior Ct. 382, 384, 361 A. 2d 711 (1976); 13 P.L.E. 426, §3; 13 Goodrich-Amram 2d §1501:2. Statutes also provide for equity jurisdiction to grant specific relief when a recovery in damages would be an inadequate remedy. Section 13 of the Act of June 16, 1836, P.L. 784, 17 P.S. §282, and section 1 of the Act of 1857, 17 P.S. §283, supra.

The complaint sets forth the essentials of a cause of action for restitution on the grounds of fraud or mistake; and possibly for specific performance of duty, compare Strank v. Mercy Hospital, 383 Pa. 54, 117 A. 2d 697 (1955).

## CAPACITY TO SUE—
## REAL PARTY IN INTEREST

The objections assert that if there is a cause of action, it resides not in plaintiff, the Department of Transportation, but in Debra Penner surviving widow of the vehicle owner, restoration of whose interest in the property is sought. Defendants are confusing the defense of capacity to sue, which relates to a plaintiff's personal disability, with the question of ownership of the rights in suit which is an element of the substantive cause of action amenable to demurrer. Whenever the objection is that the cause of action alleged resides not in plaintiff but in another, a deficiency in the cause of action is involved, not capacity to sue: Kimmel v. County Commissioners (No. 2), 33 Somerset 53 (1975); 2 Goodrich-Amram 2d §1017(b):14. Thus if Debra Penner is the owner of the cause of action pleaded, as real party in interest, and plaintiff Department

has no justiciable interest in the cause of action other than to secure the rights of Debra Penner, the demurrer should be sustained.

It appears from the averments of the complaint that the purpose of the suit is to restore Debra Penner's property rights in the vehicle title records, and that she could, had she brought the action, sustain it. It does not follow, however, that the department has no litigable interest in the subject matter of the action. On the contrary, it is plain from the provisions of the Vehicle Code (and of the Mobile Home Titling Act of July 25, 1977, P.L.,    68 P.S. §1001 et seq.) vesting in the Commonwealth responsibility for the registration of vehicle ownership, and the issuance, reissuance, transfer and correction of certificates of title evidencing the ownership of vehicles and encumbrances thereon, that the state has a compelling interest of its own in enforcing those provisions and in maintaining accurate vehicle title records. See Development of the Requirements That Vehicles Be Licensed or Registered, in foreword to 75 P.S. page 17 et seq. That state interest in maintaining the vehicle title record system exists independently of the claim of any particular person to title and ownership of or an encumbrance upon any particular vehicle, and exists in this case with respect to the title certificate for the trailer in litigation regardless of which party or person claims or declines to claim a proprietary interest therein. The Commonwealth in maintaining the system does not act merely as agent for registered owners and lien holders as real parties in interest; the Commonwealth performs an independent and overriding public function which per se requires protection, at law and in equity. The state's system, its powers and duties, are sui generis, and exist in

their own right, and are not derivative in any sense from that of the vehicle or encumbrance owner. The Commonwealth has no relationship of agent, trustee, subrogee, assignee, or similar relation, to Debra Penner, the alleged vehicle owner, notwithstanding that her separate interest might entitle her also to equitable relief of the same character. The interest of Debra Penner is in her ownership; the interest of the Commonwealth is in maintaining a complete and accurate motor vehicle registration and title certificate system as mandated by statute. The two interests are not precisely identical, even though assertion by Debra Penner of her interest tends to advance the Commonwealth's interest, and assertion by the Commonwealth of its interest tends to advance Debra Penner's interest. The Commonwealth is a real party in interest under Pa.R.C.P. 2002.

Section 205 of the The Vehicle Code of April 29, 1959, P.L. 59, 75 P.S. §205, expressly recognizes the legal right of the Department of Transportation to the return of any title certificate incorrectly or erroneously issued and outstanding, and the duty of the possessor of such a certificate to return it to the department on notice, and the duty of the department to take action to secure the return. It provides that:

"When it is shown by proper evidence, upon investigation, and good cause appearing therefor, that any certificate of title has been issued in error to a person not entitled thereto, or contains incorrect information due to any cause, the secretary shall notify in writing the person to whom such certificate has been issued and such person shall immediately return such certificate of title within forty-eight (48) hours, together with any other in-

formation necessary for the adjustment of the department records, and upon receipt thereof, the secretary shall cancel such certificate and issue a corrected certificate of title without fee.

"Penalty.—Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five dollars ($25.00) and costs of prosecution, and in default thereof, shall undergo imprisonment for not more than ten (10) days." 75 P.S. §205.[1]

The complaint alleges facts which give rise to a substantive right in the Commonwealth to return of the title certificate. The objection that the cause of action resides in another is not well taken and the demurrer must be overruled.

---

1. The Vehicle Code of 1976, effective July 1, 1977, also contains similar provisions in section 1115 thereof which read as follows:

"(a) General Rule.—When any certificate of title has been issued in error to a person not entitled to the certificate or contains incorrect information or information has been omitted from the certificate, the department shall notify in writing the person to whom the certificate has been issued or delivered and such person shall immediately return the certificate of title within 48 hours, together with any other information necessary for the adjustment of the department records, and, upon receipt of the certificate, the department shall cancel the certificate and issue a corrected certificate of title.

"(b) . . .

"(c) Seizure of certificate on conviction—Upon summary conviction for violation of the provisions of this section, the department may delegate authority to any department employee or police officer to seize the certificate of title."

## EXHAUSTION AND ADEQUACY
## OF STATUTORY REMEDY

Section 205 of The Vehicle Code above set forth provides for the giving of notice by the Secretary of the Department to the person having the incorrect certificate and, upon failure to return it, for imposition of fine, or imprisonment for default of payment of fine, in a summary prosecution. Section 1115 of the new code contains an additional provision for seizure of the incorrect certificate by any department employe or police officer after summary conviction. See footnote 1, supra.

Although plaintiff has pleaded compliance with the notice provisions of the statute for return of the erroneous title certificate, it pleads no compliance with the provision for summary prosecution and no seizure attempt (assuming applicability of the 1976 Vehicle Code). Also involved is the adequacy of the statutory remedy; plaintiff pleads inadequacy, defendants plead adequacy.

We overrule the objections relating to the exhaustion and adequacy of the statutory on the basis of the following propositions:

(1) The statute contains no language indicating that the statutory remedy is the exclusive remedy. See Redding v. Atlantic City Elec. Co., 440 Pa. 533, 541, 269 A. 2d 680 (1970). See also: West Homestead Boro. Sch. Dist. v. Allegheny County Bd. Sch. Dir., 440 Pa. 113, 269 A. 2d 904 (1970); Jacobs v. Fetzer, 381 Pa. 262, 112 A. 2d 356 (1955); Kimmel v. County Commissioners, 29 Somerset 408, Appendix [2] page 418 (1974), 460 Pa. 381, 333 A. 2d 777 (1975). Where the statutory remedy is exclusive and legal, equity is without power to act. See DeLuca v. Buckeye Coal Company, 463 Pa. 513, 519, 345 A. 2d 637 (1975); see also Act of March 21,

1806, P.L. 558, 46 P.S. §156 [now] 1 Pa.C.S.A. §1504.

(2) A non-exclusive statutory remedy at law does not preclude equitable relief, and need not be first pursued or exhausted, if the statutory remedy is inadequate: Gladwyne v. Lower Merion, 409 Pa. 441, 447 (1963); Pennsylvania v. Torquato, 386 Pa. 306 125 A. 2d 755 (1956); 13 P.L.E. 457, §§17 and 18.

(3) A statutory remedy of criminal prosecution is not exclusive of civil remedies: Act of May 28, 1937, P.L. 1019, 46 P.S. §559; 1 Pa.C.S.A. §1929. Nor is a criminal remedy of such adequacy as will prevent equitable relief: Harris-Walsh v. Dickson City Boro., 420 Pa. 259, 264, 216 A. 2d 329 (1966). Similarly, the remedy of seizure as provided for in the new Vehicle Code cannot compare in adequacy with an equity decree. See 13 P.L.E. 458, §18.

## CONCLUSION

Since this action is essentially restitutional in nature, designed to restore a status quo in the record of a vehicle title as existed before the record was erroneously altered, any decree for plaintiff in this action requiring defendants to return the outstanding erroneous certificate must be conditioned upon tender by the department to defendant Ellis D. Penner and to Debra Penner a certificate in the names of Larry D. Penner and Ellis D. Penner duplicating the certificate originally and properly held by them.

## ORDER

Now, November 28, 1977, defendants' preliminary objections to plaintiff's complaint are overruled, with 30 days to plead further to the complaint.