## Pennsylvania National Mutual Casualty Insurance Company v. Powers Trucking Company

*Paul L. Ziegler,* for plaintiff.

*J. Michael Williamson,* for defendant Powers Trucking Company.

*J. David Smith,* for defendant Davis Insurance Agency Inc.

*Lee H. Roberts,* for defendant Everett W. Varnes.

BROWN, *P.J.,* February 10, 1989 — This is a declaratory-judgment action brought by plaintiff seeking a judicial affirmation of its attempted cancellation of a workmen's compensation insurance policy issued to defendant Powers. Defendant Powers has filed a motion for summary judgment on the basis that there are no disputed material facts which bear on the issue of whether plaintiff was permitted by law to retroactively cancel the policy or, in the alternative, whether plaintiff's cancellation if permitted by law was done in accordance with law.

The underlying facts unfold with the observation that plaintiff had issued a workmen's compensation policy to defendant Powers for the period of January 15, 1987 through January 15, 1988. Powers was apparently unable to pay the premiums which were due on that policy and they were financed through Penco Finance Company. Penco is a wholly-owned subsidiary of plaintiff. Penco thus paid the full insurance premium to Penn National at the begin-

ning of the policy period and Powers then was under an obligation to make periodic payments to Penco to cover the amount financed in premiums.

During the term of the policy Powers experienced difficulties in meeting the payments due to Penco for the financed insurance premiums. Three cancellation notices were sent to Powers. Powers made payments to Penco on August 7, 1987 and on September 24, 1987.

On July 21, 1987 plaintiff sent a notice to Powers reciting that the policy was being cancelled for nonpayment of premiums effective August 11, 1987.

On October 13, 1987 defendant Powers went to his insurance agent, defendant Davis, inquiring about the status of his workmen's compensation policy. Davis then contacted plaintiff on Powers' behalf and after some negotiations it was agreed that the policy would be retroactively reinstated if Powers met certain conditions, one of which included his asserting he did not know of the existence of any workers' compensation losses or claims. In accordance with this understanding Powers signed a statement which read:

"We at Powers Trucking Company knows (sic) of no outstanding claims on our workmen's compensation from September 11, 1987, to present." Plaintiff then reinstated the policy retroactive to August 11, 1987.

On the evening of October 12, 1987, defendant Varnes, who was an employee of Powers, was injured while driving a truck in Ohio. At the time of the negotiations with plaintiff regarding reinstatement of the policy, Powers was aware that Varnes had been in the accident on the previous evening. Plaintiff claimed that the notice which was provided to it by Powers was fraudulent and on November 13, 1987 notified Powers that the reinstatement of the

policy was rescinded retroactively to August 11, 1987 on the basis that Powers had lied when he denied knowledge of any workers' compensation claims. On December 8, 1987 defendant Varnes filed a petition for workmen's compensation seeking benefits from plaintiff as Powers' carrier.

Powers' first argument is predicated upon what it perceives as a statutory prohibition against cancelling workmen's compensation policies on a retroactive basis except for non-payment of premium.

Powers in support of its position initially cites 40 P.S. §811 which provides in pertinent part:

"[S]uch obligation shall not be affected by any default of the insured, after an accident or after disability caused by occupational disease, in the payment of premiums or in the giving of any notices required by such policy or otherwise."

Powers has further argued under the provisions of 40 P.S. §813 that a workmen's compensation policy may not be cancelled or terminated by an insurer during the term of the policy except for non-payment of the premium. On this subject section 813 provides in pertinent part as follows:

"Except for non-payment of premiums, no policy of insurance issued or renewed against liability under the . . . 'Pennsylvania Workmen's Compensation Act' . . . or insuring an employer against liability for all sums such employer shall become legally obligated to pay any employee of his as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained by such employee arising out of and in the course of his employment, may be cancelled or terminated by an insurer during the term of the policy."

Aside from disagreeing with Powers' interpretation of the law prohibiting the rescission of the workmen's compensation policy, defendant has also

argued that there is a genuine issue about a material fact which is relevant to the issue. As the court understands plaintiff's brief it is alleged that there was "confusion as to whether the Powers' policy was in force." The court has some difficulty accepting this proposition since it would appear from the pleadings that the policy after having been purportedly cancelled on July 21, 1987 (effective August 11, 1987) by plaintiff was then reinstated as previously discussed on October 13, 1987 effective back to August 11, 1987.

Another aspect of plaintiff's position seems to be that there is a disputed fact over the degree of fraud perpetrated by Powers in securing a reinstatement of the policy. Again the court disagrees with this position since Powers has conceded the fraud alleged by plaintiff in its complaint. Therefore the court does not believe that the degree of fraud perpetrated by Powers is an issue at the present time since the court has to assume that Powers did fraudulently induce plaintiff to reinstate the policy.

In the court's judgment the facts that are necessary in dealing with this issue must first be identified and then a secondary inquiry must take place as to whether any of those facts are in dispute so as to preclude any attempt to resolve the matter by way of a summary judgment. The court concludes that it is not in dispute that on October 13, 1987, Powers and Davis together persuaded plaintiff to reinstate the policy retroactive to August 11, 1987. This would establish then for present purposes the necessary fact that a workmen's compensation policy was in existence at the time of the October 12, 1987 accident.

The second fact that does not seem to be in dispute is that on November 13, 1987, plaintiff

notified Powers that the reinstatement of the policy was being rescinded because of Powers' fraudulent misrepresentations.

Thus the setting that a policy of insurance existed on October 12, 1987 is present. Also present is the setting that plaintiff on November 13, 1987, attempted to rescind the reinstatement of that policy. The question that then can be addressed from those two givens is whether the provisions of law as cited by Powers prohibited such an action by plaintiff.

Both parties have cited various cases in support of their position with all of these cases having one thing in common, and that is that none of them have dealt directly with the purported cancellation of a workmen's compensation policy. Preliminarily the court would note that its sense of the legislative intent from the statutes in question is that the legislature wanted to protect workers who are covered by workmen's compensation policies by prohibiting such cancellations. As such the workers can be best perceived as being in a position analogous to that of a third-party beneficiary to a contract.

Plaintiff's position on this issue as stated on page 2 of its brief is that the law of Pennsylvania does not bar the retroactive recision of a policy for workers' compensation insurance where such fraud is the inducement to enter into the reinstatement. In this regard plaintiff seems to be placing some significance on the fact that the policy was "reinstated" by virtue of the October 13, 1987 telephone call from defendants to plaintiff. The court sees little legal significance in this assertion since it is beyond question that the policy was in fact reinstated retroactively to August 11, 1987. Thus the policy should be entitled to the same protection of section 813 as any other policy that is in effect at the time

the statute is being invoked. Thus the court believes that the clear provisions of section 813 which limit such a cancellation to the circumstance of non-payment of premiums must be applied to the policy in question. Regardless of the extent of the fraud perpetrated upon plaintiff by defendants Powers and Davis, the interests of the injured worker must be protected under that statute.

Plaintiff has also relied on *Safeguard Mutual Insurance Company v. Huggins,* 241 Pa. Super. 382, 361 A.2d 711 (1976) for the proposition that the court has jurisdiction to hear this matter based upon the allegation of fraud as an inducement to enter into a formal contract. However, that case did not deal with the statutory issue presented in this case. Thus while the court would agree that it certainly has jurisdiction to hear a case involving the fraudulent inducement of a contract, in hearing such a case the court must apply any existing statutory prohibitions against the rescission of a policy. Such a statute exists in this case in the form of 40 P.S. §813 as previously discussed.

It may well be that plaintiff has the right to secure a money judgment against defendants Powers and Davis based upon the misrepresentation which brings about any pecuniary loss to plaintiff. However, the right to rescind the policy to the detriment of the injured defendant Varnes who was not a party to any such fraud is a right which the court concludes plaintiff did not possess.

In view of the court's disposition of the first issue which permits the entry of a summary judgment it is perhaps unnecessary to address the second ground for relief being advanced by defendants. However, since the parties have briefed that issue the court deems it advisable to likewise address it. In this regard defendants' position is that if the

attempted cancellation of the policy was a valid act the original cancellation of the policy by plaintiff was improper.

In support of this position defendants have cited the Insurance Premium Finance Company Act, 40 P.S. §3301 et seq. Defendants argue that Power's arrangement with Penco constituted an insurance premium finance agreement because Penco had advanced money to plaintiff in payment of the required premium, and that Powers in turn was obligated to pay Penco the premium under the financing agreement. In this circumstance it is defendants' position that 40 P.S. §3310(b) was not observed in plaintiff's cancellation of the policy on July 21, 1987. That statute provides as follows:

"Not less than 15 days' written notice shall be mailed to the insured at his last known address as shown on the records of the insurance premium finance company, of the intent of the insurance premium finance company to cancel the insurance contract or contracts unless the default is cured within such 15-day period."

Defendants contend that plaintiff simply informed Powers that the insurance was being cancelled effective on August 11, 1987 and that Powers had 15 days to obtain new coverage. It is contended that Powers was not informed that it was entitled to cure the default and retain its coverage with plaintiff. Given this defect defendants argue that no cancellation of the policy had occurred on August 11, 1987.

In addressing this issue the waters are somewhat unclear primarily because of the method by which plaintiff has apparently elected to do business with respect to cancelling policies the premium for which has been financed by Penco. The statute in question clearly prescribes the method and length of notice

required in cancelling a policy which also requires that the premium finance company effect the cancellation. Based on the depositions of plaintiff's representative, Kathleen Nagel, it would appear that in this case plaintiff itself elected to cancel the policy on the basis that Powers owed money to Penco "who is part of our company whose bottom line results affect our bottom line results." This represents a somewhat cavalier if not careless attitude in not recognizing that Penco is a separate legal entity from plaintiff. It does not matter that the entities may be closely allied or that the bottom line of one affects the other's bottom line. When a party or entity chooses to do different aspects of its business by virtue of different entities the law generally requires that those entities be given recognition and observed.

In this context the court is inclined to recognize defendant Varnes' position that plaintiff had no legal right to cancel the policy. It would seem to be a rather basic legal proposition that once Powers had arranged for the financing of the insurance premium through Penco and that sum was then remitted to plaintiff, plaintiff would be unable to cancel the policy for non-payment of premium. Under the statute only Penco would have that particular right. Plaintiff in briefing this issue has submitted no authority or argument that it had such a legal right. Instead its arguments merely assume that it had such a right. The underlying theory as to this aspect of the case would, of course, be that plaintiff's attempted cancellation of the policy on July 21, 1987 (effective August 11, 1987) was ineffectual and therefore the policy had not been legally cancelled as of October 12, 1987, the date of Varnes' injury.

The theory advanced by defendants Powers and

Davis is somewhat different but perhaps just as valid. Their theory is that even if plaintiff had the legal right to cancel Powers' policy the requirements of section 3310(b) were not met because Powers was not given an opportunity in the notice to correct the default. Thus whether one accepts defendant Varnes' theory that plaintiff had no legal right to cancel the policy or whether one accepts the theory of Powers and Davis that plaintiff did not effectively cancel the policy, the result is the same.

Plaintiff's theory in resisting summary judgment with respect to this aspect of the case is that the depositions taken within the case exhibit conflicting conclusions as to whether premiums were due at the time plaintiff cancelled the policy. No specific reference has been made to those depositions, and the court has some difficulty understanding how this would assist plaintiff's position. If no premiums were due when the policy was cancelled on August 11, 1987 then the cancellation would have clearly been invalid. If premiums were due then the policy could have been cancelled upon compliance with the statutory provisions previously discussed. Thus the court is uncertain what material factual issue exists which prohibits an entry of summary judgment on this theory as argued in plaintiff's brief.

To the extent plaintiff is arguing that Penco had sought to cancel the policy on three other occasions because of unpaid premiums, plaintiff has not pointed to anything specific in the record which would indicate that Penco had cancelled the policy in accordance with the statutory provision under consideration. It would seem to the court that plaintiff has staked out a position that the cancellation occurred on August 11, 1987 since it reinstated the policy back to that date. Any effort to tiptoe around that fact at this point seems somewhat

inconsistent. Thus the court does not believe there is a material issue as to when the attempted cancellation occurred.

Plaintiff's further argument that plaintiff cannot be placed in the same position as Penco with respect to the requirements for cancelling a policy must be rejected. Assuming arguendo that plaintiff had the right to cancel the policy (as opposed to Penco's having that right) the court can find no logic in ruling that plaintiff did not have to comply with the statute in question. Plaintiff's observation that such a conclusion is without factual foundation or at best presents a factual issue at this time is somewhat strained since the court believes that it is a legal issue and not a factual issue. Accordingly the court would reject plaintiff's position.

## ORDER

And now, February 10, 1989, based upon the foregoing opinion, it is hereby ordered that the motion of defendants Powers Trucking Company and Davis Insurance Agency Inc. requesting a summary judgment be granted and that plaintiff be required to provide a defense to defendant Powers Trucking in the workers' compensation matter brought by defendant Everett W. Varnes and further that plaintiff be required to provide all workers' compensation benefits to which a referee or other appropriate authority may determine are due and payable to defendant Everett W. Varnes.